THOMPSON, C.J.
Elton A. Purdy appeals his sentencing under the habitual felony offender statute.[1] We affirm.
Purdy was convicted of two counts of battery on a law enforcement officer,[2] one count of resisting an officer with violence,[3] and one count of resisting an officer without violence.[4] Purdy was adjudicated a habitual offender and sentenced to ten years on each felony count. Purdy argues that the trial court improperly habitualized him for battery on a law enforcement officer because battery is a misdemeanor reclassified as a felony due to the victim being a law enforcement officer. Therefore, it is double jeopardy to enhance his sentence and then to sentence him as a repeat felony offender. Further, he argues that we incorrectly decided King v. State, 763 So.2d 546 (Fla. 5th DCA 2000), wherein this court held that it was the legislature’s intent to impose the harsher treatment on a person convicted of battery on a law enforcement officer and who meets the criteria for sentencing as a habitual felony offender. In Mills v. State, 822 So.2d 1284 (Fla.2002), the Florida Supreme Court reviewed sections 784.07(2)(b) and 775.084, Florida Statutes, and stated:
[T]he Legislature has made the offense of battery, which is otherwise a misdemeanor, a third-degree felony when the victim is a law enforcement officer. See § 784.07(2)(b), Fla. Stat. (Supp.1998). In section 775.084, the Legislature has also authorized increased sentences for defendants who qualify as habitual felony offenders. Thus, the imposition on a qualifying defendant of one sentence under the habitual felony offender statute for the crime of battery on a law enforcement officer is proper, and not vio-lative of double jeopardy. Indeed, if a conviction pursuant to section 784.07 were not treated as a qualifying offense under section 775.084, this would, in effect, nullify the clear legislative expression in intent to treat battery on a law enforcement officer as a felony.
AFFIRMED.
GRIFFIN and SAWAYA, JJ„ concur.

. § 775.084, Florida Statutes (1999).

. § 784.07(2)(b), Fla. Stat. (1999).

. § 843.01, Fla. Stat (1999).

. § 843.02, Fla. Stat. (1999).