PER CURIAM.
 

 Lamont Clifford King presents a timely claim of ineffective assistance of appellate counsel. We conclude based on the arguments of the parties and portions of the record before us at this point that petitioner’s counsel on direct appeal was ineffective for failing to raise two potentially meritorious issues identified by petitioner. The first concerns the trial court’s denial of petitioner’s motion for judgment of acquittal, in which defense counsel argued that the state had presented insufficient evidence to prove the element of burglary requiring that the defendant be shown to have “entered” a structure. The second relates to the trial court’s actions in precluding defense counsel from questioning a witness concerning discrepancies between her trial testimony and statements she made during 911 calls. We find no merit to petitioner’s other claims and deny the petition as to them without further discussion.
 

 Accordingly, the petition is granted in part, and under the circumstances of this case, we conclude that the appropriate remedy is to order the commencement of a new appellate proceeding.
 
 See Marrero v. State,
 
 967 So.2d 934 (Fla. 2d DCA 2007) (where a claim of ineffective assistance of appellate counsel is successful, the remedy is to award petitioner a new appeal in order that the appellate court may determine the merits of the issue(s) that should have been raised in the original appeal). Upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal, who shall treat it as a timely notice of appeal of the judgment and sentence in Duval County Circuit Court case number 16-2006-CF-12374-AXXX. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal. The resulting new appellate proceeding shall be limited to the two issues described above.
 

 BARFIELD, KAHN, and WEBSTER, JJ., concur.