LEVINE, J.
 

 The issue presented is whether a prior conviction for battery on a law enforcement officer, pursuant to section 784.07, Florida Statutes, is a sufficient predicate for a violation of section 784.03(2), Florida Statutes, felony battery, which requires one prior conviction for “battery, aggravated battery, or felony battery.” We find that under this particular statute, the prior conviction for battery on a law enforcement officer would meet the requisite requirement to sustain a conviction for felony batteiy.
 

 Appellant was charged with felony battery with a prior conviction as well as false imprisonment. The jury, after the first phase of the trial, found appellant guilty of battery. The trial court then proceeded to a phase two proceeding to determine if appellant had been previously convicted of “battery, aggravated battery, or felony battery” as enumerated in section 784.03(2). The jury found appellant had been previously convicted of a “battery, aggravated battery, or felony battery,” and appellant was convicted and sentenced for the crime of felony battery. As a result, this appeal ensues.
 

 This appeal presents an issue of statutory interpretation, thus we review the conviction under the de novo standard.
 
 D.A. v. State,
 
 11 So.3d 423, 423 (Fla. 4th DCA 2009).
 

 Appellant argues that a prior conviction for battery on a law enforcement officer cannot be a predicate offense for felony battery since the statute does not explicitly enumerate battery on a law enforcement officer as one of the predicate crimes. The statute merely lists “battery, aggravated battery, or felony battery” as predicates.
 

 It is clear that the crime of battery on a law enforcement officer can be a predicate offense for a felony battery charge, since the battery on a law enforcement officer “involves the exact same conduct as misdemeanor batteiy, the only difference being the victim’s status.”
 
 State v. Hearns,
 
 961 So.2d 211, 219 (Fla.2007).
 
 [1]
 
 The offense alleged in a batteiy on a law enforcement officer is effectively a misdemeanor charge of battery reclassified to a felony due to
 
 *599
 
 the status of the victim. Section 784.07(2) states that “[w]henever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... the offense for which the person is charged shall be reclassified as follows: ... (b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.”
 

 In
 
 State v. Warren,
 
 796 So.2d 489 (Fla. 2001), the Florida Supreme Court, construing a prior version of section 784.03(2), determined that a conviction for aggravated battery could be one of the predicate convictions for a felony battery charge where the prior statute required “two pri- or convictions for battery.” The Court succinctly concluded that, for the purpose of the successor felony battery statute, “[a]n aggravated battery is a battery.”
 
 Id.
 
 at 490.
 

 In summary, we find that a prior conviction for battery on a law enforcement officer constitutes a “battery” under section 784.03(2) and, as such, may serve as a predicate offense for a felony battery charge. We, thus, affirm the conviction and sentence.
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . The issue would be less clear if the predicate conviction was not for a battery that was reclassified as a felony based on the victim's status. Sections 784.075 and 784.076, Florida Statutes, for example, list the conduct as a separate felony and do not reclassify the battery charge to a felony based on the victim's status. Additionally, these statutes are not listed as predicate crimes for a felony battery charge in section 784.03(2).