PER CURIAM.
By timely petition, Joe Lewis Jenkins presents a claim of ineffective assistance of appellate counsel. Following a jury trial, Jenkins was convicted of one count of second-degree murder and one count of attempted second-degree murder. We found no merit to appellate counsel’s argument that the evidence was insufficient and affirmed Jenkins’ convictions without comment in Jenkins v. State, 60 So.3d 1057 (Fla. 1st DCA 2011). Jenkins now asserts that his appellate counsel was ineffective for failing to identify and pursue two facially meritorious claims of fundamental error in the jury instructions. We agree that appellate counsel was ineffective in that regard, and therefore grant the petition.
The first issue identified by petitioner concerns the jury instruction relating to manslaughter as a lesser included offense of the charge of second-degree murder. For reasons not clear from the record available to us, the trial court instructed the jury solely on manslaughter by culpable negligence, and omitted any instruction on the alternate theory of manslaughter by act. Although it is not a decision of this court, Bolin v. State, 8 So.3d 428 (Fla. 2d DCA 2009), supports the proposition that this omission amounted to fundamental error, and although Bo-lin was available to appellate counsel, this argument was not presented on appeal.
Secondly, Jenkins points out that in instructing the jury on attempted manslaughter as a lesser included offense of the attempted second-degree murder charge, the trial court did instruct on the theory on manslaughter by act, but the *1290 instruction suffered from the same infirmities as the instruction in State v. Montgomery, 39 So.3d 252 (Fla.2010), approving, Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009). Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009), supports the proposition that this too was fundamental error. We acknowledge that there is an as yet unresolved split of authority among the district courts of appeal on the question of whether an error of the sort identified in Montgomery is fundamental when the instruction relates to attempted manslaughter. See Davis v. State, 69 So.3d 1021 (Fla. 4th DCA 2011), and cases cited therein. Nonetheless, the existence of Lamb, which likewise was available to appellate counsel, yields the conclusion that appellate counsel was ineffective for failing to present this issue.
Accordingly, the petition alleging ineffective assistance of appellate counsel is granted. Under the circumstances of this case, we conclude that the proper remedy is to order a new appeal. See King v. State, 15 So.3d 27 (Fla. 1st DCA 2009). Upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal directed to petitioner’s judgment and sentence in Escambia County Circuit Court case number 2008-CF-004267-A. If petitioner qualifies for the appointment of counsel at public expense, the lower tribunal is directed to appoint counsel to represent him on appeal. The new appellate proceeding authorized by this opinion shall be limited to the two issues identified above.
WOLF, HAWKES, and ROBERTS, JJ., concur.