WARNER, J.
The issue presented in this case is whether appellant’s convictions for lewd or lascivious molestation and lewd or lascivious conduct violate double jeopardy. Because the charges involved a single criminal episode, and the statutory provisions involve the same elements under the Blockburger test, we hold that they violate double jeopardy and reverse.
Appellant was charged by information with four counts. This appeal involves only two. Count III of the information alleged a violation of section 800.04(5)(a), Florida Statutes, in March 2005 when appellant “did intentionally touch in a lewd or lascivious manner the buttocks, or the clothing covering them, of [J.B.], a person 12 years of age or older but less than 16 years of age.” Count IV alleged a violation of section 800.04(6)(a), Florida Statutes, that on the same date, appellant “did intentionally touch [J.B.], a person under 16 years of age, in a lewd or lascivious manner by rubbing his genital area against her body.” The two counts arose out of one incident, where J.B. was sleeping at her aunt’s house, when appellant, her aunt’s husband, came into her room, lay down on the bed, and started rubbing her backside and buttocks with his hand. He then started a grinding motion against J.B.’s back and buttocks. She believed he was grinding her with his private parts, but she never saw his genitals. After this went on for some period of time, he got up and left the room.
At the conclusion of the trial, appellant was convicted of counts III and IV.[1] Ap *783 pellant was sentenced to a fifteen-year prison sentence on count III and to fifteen years of sex offender probation on count IV, consecutive to his sentence on Count III. He appeals these sentences.
The Fifth Amendment “protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Because double jeopardy issues involve purely legal determinations, the standard of review is de novo. See Trotter v. State, 825 So.2d 362, 365 (Fla.2002).
On appeal, appellant claims that his convictions under both sections 800.04(5)(a) and 800.04(6)(a) for conduct against the same victim during the same episode are duplicative and violate double jeopardy. Section 800.04, Florida Statutes, defines various lewd or lascivious offenses under Florida law. Subsection (5)(a) defines lewd or lascivious molestation, providing in pertinent part as follows: “A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.” § 800.04(5)(a), Fla. Stat. (2004).[2] Subsection (6)(a) defines lewd or lascivious conduct, providing that a person who “[ijntentionally touches a person under 16 years of age in a lewd or lascivious manner ... commits lewd or lascivious conduct.” § 800.04(6)(a), Fla. Stat. (2004).
State v. Paul, 934 So.2d 1167 (Fla.2006), receded from in part by Valdes v. State, 3 So.3d 1067 (Fla.2009), controls the result in this case. In Paul, the defendant had touched the victim in the genital area over the clothing and kissed the victim on the neck while in the living room. For the episode in the living room, the defendant was convicted of lewd and lascivious molestation under section 800.04(5)(a) for touching the victim’s genitals, and lewd and lascivious conduct under section 800.04(6)(a) for kissing the victim’s neck. Id. at 1170, 1173.
In Gordon v. State, as cited in Paul, our supreme court explained: “The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” 780 So.2d 17, 19 (Fla.2001), receded from in part by Valdes (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). If there is no clear “legislative intent to authorize separate punishments for two crimes” then a court employs the use of the Blockburger[3] test “to determine whether separate offenses exist.” Id. at 19-20. Finding no clear statement of legislative intent in its review of section 800.04, the Paul court applied the codified Blockburger analysis set forth in section 775.021. Paul, 934 So.2d at 1172.
Noting that the Blockburger test applies to crimes occurring in only one criminal transaction or episode, the Paul court explained that the first step is to review whether there was one criminal episode or multiple episodes. Id. In determining whether offenses occurred dur *784 ing a single criminal episode, courts must “look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a temporal break between offenses.” Id. at 1172-73 (citation and internal quotations omitted). A court must then “apply the Blockburger test to each criminal episode to determine whether multiple punishments are authorized.” Id. at 1173. The Blockburger “same elements” test “prohibits courts from imposing multiple convictions for an act or acts which occur in one criminal episode if each offense does not contain at least one element distinct from the other offenses.” Id. at 1172. Under the “same elements” test, each offense is considered separate “ ‘if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced, at trial.’” Id. at 1173 (quoting § 775.021(4)(a), Fla. Stat. (2005)) (emphasis in Paul).
In reference to offenses under sections 800.04(5)(a) and (6)(a), the Paul court explained:
In comparing the elements of sections 800.04(5)(a) and 800.04(6)(a), we hold the same elements test will not permit multiple convictions. Specifically, section 800.04(6)(a)(l) defines “lewd or lascivious conduct” as any intentional touching of “a person under 16 years of age in a lewd or lascivious manner,” while section 800.04(5)(a) defines “lewd or lascivious molestation” as the intentional touching “in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator.” § 800.04, Fla. Stat. (1999). In other words, any violation of subsection (5)(a), which prohibits the lewd touching of particular body parts of a person under sixteen years of age, will also violate subsection (6)(a), which simply prohibits any lewd touching of a person under sixteen years of age. Thus, one cannot say “each offense has an element that the other does not.” While subsection (5)(a) has an element that subsection (6)(a) does not, the converse is not true — that (6)(a)(l) has an element (5)(a) does not. Therefore, dual convictions and punishments are not permitted for these violations.
Id. at 1173-74 (emphasis in original). The court concluded that Paul could not be convicted of both a violation of section 800.04(5)(a) and section 800.04(6)(a)(l) for the two acts in the living room.
Applying the analysis to this case, we conclude that the two charges arose out of one criminal episode. Both acts were performed on one victim in the same location and with practically no temporal separation. See Paul. Furthermore, the “same elements” test establishes that appellant cannot be convicted under both section 800.04(5)(a) and section 800.04(6)(a) for conduct in the same criminal episode. Id. at 1173-74. Therefore, his conviction and sentences for both crimes violates double jeopardy.
When dual convictions of the same degree are found to violate double jeopardy, the proper remedy is to “vacate the conviction and sentence on one of those counts.” Binns v. State, 979 So.2d 439, 442 (Fla. 4th DCA 2008). We therefore reverse and remand with instructions that the trial court vacate the conviction and sentence on either count III or count IV.
POLEN and GERBER, JJ., concur.

. He was also convicted on count II involving a different victim. His sentence on that count was fifteen years in prison, and the sentence on count III was consecutive to the sentence *783 on count II. Probation on count IV was consecutive to both prison sentences.

. The 2004 version of the statute was in effect until August 31, 2005. Because the instant case involves a March 2005 incident, the 2004 statute is applicable.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).