COHEN, J.
Mark Miles was charged with domestic battery by strangulation,[1] battery as an act of domestic violence,[2] and violation of condition of release.[3] Following a jury trial, Miles was convicted of battery as an act of domestic violence, as well as the lesser included offense of simple battery on the battery by strangulation count. As he did below, on appeal Miles argues the two convictions violate double jeopardy principles. We agree.
Miles was romantically involved with the victim, living with her in her apartment. When the relationship deteriorated, the victim requested Miles move out. To help facilitate the move, the victim loaned Miles her car and debit card. Instead of moving out, Miles purchased beer, and when the victim returned home, she found Miles watching television and drinking. A heated discussion ensued, during which Miles pushed the victim down onto a couch. She testified Miles grabbed her face and ultimately placed a pillow over it, making breathing difficult, before he placed his hands around her neck. The victim was able to extract herself from Miles’ assault, whereupon he left the apartment.[4] Following the issuance of a warrant, Miles was arrested and charged.
In analyzing the double jeopardy claim, this Court must first determine whether the batteries were part of a separate episode or transaction. If so, double jeopardy is not an issue. To determine whether an offense occurred during the same criminal transaction, courts examine “whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a ‘temporal break’ between the offenses.” Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002). In its brief, the State concedes the batteries occurred during the same criminal transaction.
Next, we look to section 775.021(4)(a), Florida Statutes (2011), to determine whether separate sentences are authorized for each of the battery convictions. That statute provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be *664 sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021(4)(a), Fla. Stat. For offenses that satisfy this test, multiple punishments are allowed unless one of three exceptions applies:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat.
In this case, Miles was convicted of two counts of the same statute — section 784.03(l)(a), Florida Statutes. Clearly, the two batteries require identical elements of proof. Citing State v. Meshell, 2 So.3d 132 (Fla.2009), the State attempts to analogize the conduct in the instant case to multiple violations of the sexual battery statute, “where, during the course of one episode without a temporal break, the same victim is subjected to oral, anal, digital and vaginal penetration.” The State postulates Miles was similarly subject to multiple convictions for each part of the victim’s body he battered. We find this argument to be without merit. The sexual battery statute proscribes very specific conduct which can be committed in a number of specified ways. The battery statute has no such similar language. The Legislature does not separately criminalize the unlawful touching of one’s face, separate and apart from one’s torso. The victim in this case suffered injuries to her face, neck, arms, and ankle. Under the State’s theory, Miles was subject to prosecution for each. That argument defies logic; more importantly, it is not supported by the legislative enactment of the battery statute. Accordingly, we reverse and remand to the trial court to vacate one of the convictions.
REVERSED AND REMANDED.
PALMER and TORPY, JJ., concur.

. § 784.041(2)(a), Fla. Stat. (2010).

. Although the information charged Miles with "Battety-Domestic Violence,” it references section 784.03(l)(a), Florida Statutes (2010) — the battery statute — as well as provisions within the marriage and domestic violence chapter of the Florida Statutes.

. § 741.29(6), Fla. Stat. (2010). On the morning of trial, however, the State entered a nolle prosequi on the violation of condition of release charge.

. Miles’ claim of self-defense was rejected by the jury.