PER CURIAM.
By timely petition alleging ineffective assistance of appellate counsel, Sean P. Reilly argues that his appellate attorney was ineffective in the direct appeal of his conviction for witness tampering. We agree that Reilly’s appellate counsel was ineffective, and grant the petition.
Reilly’s conviction was affirmed by this court in Reilly v. State, 77 So.3d 184 (Fla. 1st DCA 2011). In that appeal, his attorney raised two issues for review: First, whether the state had established that a certain element of the charge occurred within the trial court’s territorial jurisdiction; and second, whether the lower tribunal erred in denying the appellant’s motion for judgment of acquittal. Finding no merit to either of these issues, this court affirmed the judgment and sentence per curiam by its July 28, 2011, opinion.
In the instant petition, Reilly raises six issues. We find merit to only one of these: Reilly’s assertion that the trial court failed to conduct the proper inquiry once Reilly had made it clear that he wanted his court-appointed counsel to be discharged. Reilly filed motions to discharge court-appointed counsel and sent a letter to the trial judge expressing his unequivocal desire to have counsel discharged and expressing his dissatisfaction with counsel’s performance. The trial court was thus required to conduct a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), but failed to do so.
The state responds to Reilly’s argument, asserting that he essentially waived his right to such a hearing. Two months after his motion for a Nelson hearing, Reilly moved to represent himself, and the state contends that such motion “either superseded or tacitly withdrew the earlier motions” for a Nelson hearing. The state further asserts that Reilly “presumably” *682 informed his appellate counsel about this issue and counsel was not ineffective for failing to raise it.
In Flowers v. State, 965 So.2d 1238 (Fla. 1st DCA 2007), this court granted relief as to a similar claim of ineffective assistance of appellate counsel. In Flowers,
Petitioner’s second claim [was] that a hearing conducted pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) was legally insufficient and that he was prejudiced because he eventually represented himself at trial when he should have been appointed alternate counsel. He argues that his appellate counsel was ineffective in failing to order a transcript of the Nelson hearing. This, too, is a recognized theory which may result in relief in some circumstances. Martone v. State, 867 So.2d 510 (Fla. 4th DCA 2004).
Flowers, 965 So.2d at 1234.
As in Flowers, Reilly moved for a Nelson hearing. Far from simply being inadequate, the hearing was never conducted in this case. And as in Flowers, this resulted in Petitioner representing himself at trial, as evidenced by the fact that two months after the court took no action on Petitioner’s Nelson hearing motion, he ultimately moved to represent himself.
This court concludes that Reilly’s appellate attorney was ineffective for the failure to raise this issue. The petition is granted and a new appeal is ordered. See Jenkins v. State, 75 So.3d 1288 (Fla. 1st DCA 2011). As in Jenkins, upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal directed to petitioner’s judgment and sentence in Leon County Circuit Court case number 2008-CF-781. If petitioner qualifies for the appointment of counsel at public expense, the lower tribunal shall appoint counsel to represent him on appeal. The new appellate proceeding authorized by this opinion shall be limited to the sole issue identified herein.
PETITION GRANTED.
WOLF, DAVIS, and ROBERTS, JJ., concur.