PER CURIAM.
By timely petition alleging ineffective assistance of appellate counsel, Reuben Alexis argues that his appellate attorney was ineffective in the direct appeal of his conviction for aggravated assault with a firearm with intent to kill. The crux of Alexis’ argument is that his waiver of the right to conflict-free trial counsel was invalid, that this issue was fundamental error or preserved for review, and that his appellate attorney was ineffective for failing to raise the issue. We grant the petition.
At a pre-trial hearing held February 25, 2009, Alexis’ trial counsel alerted the trial court to the existence of a potential conflict of interest arising from counsel’s simultaneous representation of both Alexis and *145 his co-defendant, Terry Guerrier as a result of an incriminating statement made by Guerrier about Alexis. At that hearing, the following exchange occurred:
MR. HARRISON [Trial Counsel]: And by the way Judge, since both young men are here, I discussed with them a possible conflict of interest here because of the facts. Terry Guerrier, though, wants me to continue to be his attorney; because he emphatically denies ever making the statement to law enforcement. So I think that would take it out of the conflict. But I told him it was his call. And he’s in the courtroom, but he’s told me he wants me to continue to represent both of them. And Mr. Alexis says the same thing.
MR. CHOJNOWSKI [State Attorney]: And, Your Honor, for 3.850 purposes, could we inquire of the defendants to make sure that there is no conflict, and that they waive any possible conflict by being represented by the same counsel?
THE COURT: Okay. Let’s bring them on up, then.
And which one is this?
MR. HARRISON: This is Terry Guerrier, Your Honor.
DEFENDANT GUERRIER: Terry Guerrier.
THE COURT: Mr. Guerrier, and this then must be Mr. Alexis.
DEFENDANT ALEXIS: Reuben Alexis.
THE COURT: Okay. And the State Attorney does want to make sure that you don’t come back later; and file a claim and say Mr. Harrison was ineffective, because he was representing you with a conflict. But you heard what he just said, Mr. Harrison?
DEFENDANT GUERRIER: Yes, sir.
THE COURT: And knowing that there’s that potential conflict, both. of you still want him to be your attorney?
DEFENDANT GUERRIER: Yes, sir.
DEFENDANT ALEXIS: Yes, Your Honor.
THE COURT: Okay. Is that okay?
MR. CHOJNOWSKI: That should be sufficient, Your Honor.
THE COURT: Okay.
MR. HARRISON: Thank you, Judge.
Alexis argues that his appellate attorney was ineffective for failing to ensure that a transcript of the February 25, 2009, hearing was included in the record, and for failing to raise the issue that his waiver of his trial counsel’s conflict of interest was invalid. We agree.
Larzelere v. State, 676 So.2d 394, 403 (Fla.1996), requires that for such a waiver to be valid, the defendant must be aware of (1) the conflict, (2) the fact that the conflict could affect the attorney’s representation of the defendant, and (3) the right to seek conflict-free counsel. Under Larzelere, the trial court has a “duty to ensure that a defendant fully understands the adverse consequences a conflict may impose.” Id. Here, there is a substantial question of whether the requirements of Larzelere were met, which undermines our confidence in the correctness of the result in the prior appeal. See Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985). Accordingly, the petition is granted and a new appeal is ordered. See Jenkins v. State, 75 So.3d 1288 (Fla. 1st DCA 2011).
As in Jenkins, upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal directed to Alexis’ judgment and sentence in Leon County Circuit Court case number 2008-CF-003913. If Alexis qualifies for the appointment of counsel at public ex *146 pense, the lower tribunal shall appoint counsel to represent him on appeal. The new appeal authorized by this opinion shall be limited to the sole issue identified herein.
PETITION GRANTED.
WOLF, VAN NORTWICK, and WETHERELL, JJ., concur.