ORFINGER, C.J.
Jose L. Ramirez appeals his convictions, following a trial, of two counts of felony battery (one prior battery), one count of domestic battery by strangulation and one count of battery on a law enforcement officer. Ramirez challenges the trial court’s admission into evidence, over objection, of the victim’s prior statement. Ramirez also raises a double jeopardy challenge regarding his four battery convictions. We find no error regarding the admission of the victim’s statement, but conclude double jeopardy principles bar two of Ramirez’s four battery convictions.
Ramirez went to the apartment of Nicole Bouzigard, the mother of his two daughters, and argued with her about his relationship with another woman. The argument escalated, and Ramirez slapped and strangled Bouzigard. Realizing that the police had been called, Ramirez fled the scene. The officers pursued him, ultimately tracking him to a nearby location where he was arrested without incident. While in the police car, Ramirez wrapped a seatbelt around his neck and attempted to strangle himself. When the officers intervened, Ramirez struggled, kicking Officer Diego Toruno in the process.
Ramirez contends that double jeopardy principles preclude him from being convicted of both battery on a law enforcement officer and felony battery (one prior) for striking Officer Toruno and domestic battery by strangulation and felony battery (one prior) for striking Bouzigard.[1] *107 Double jeopardy violations, when based on undisputed facts, are reviewed de novo. Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006); Bell v. State, 114 So.3d 229, 2018 WL 40975 (Fla. 5th DCA Jan. 4, 2013). The double jeopardy clauses in both the state and federal constitutions protect criminal defendants from multiple convictions and punishments for the same offense. Amend. V, U.S. Const.; Art. I, § 9, Fla. Const.; McKnight v. State, 906 So.2d 368, 370 (Fla. 5th DCA 2005).
“The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). Absent clear legislative intent to authorize separate punishments, courts employ the Blockburger [2] “same elements” test, ie., “whether each offense has an element that the other does not,” codified at section 775.021(4)(a), Florida Statutes (2009).[3] If, as here, each of the offenses has an element that the other does not, the court must then determine if one of the exceptions set forth in section 775.021(4)(b) applies to preclude separate convictions and sentences. Valdes, 3 So.3d at 1070. Those exceptions are: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense. Ramirez argues that, for each criminal episode, he was unlawfully convicted of two degree variants of the same basic offense. As such, he contends that section 775.021(4)(b)2. prevents two of his convictions.
The supreme court has interpreted section 775.021(4)(b)2. to apply only “when the statute itself provides for an offense with multiple degrees.” Valdes, 3 So.3d at 1076. The term “degree” is “a level based on the seriousness of an offense”; however, a degree-relationship can be found, “for example, when a crime may have aggravated forms of the basic offense.” Id. While Valdes informs us that section 775.021(4)(b)2. prohibits only convictions for “different degrees of the same offense, as explicitly set forth in the relevant statutory sections,” it recognizes that a statute may make two offenses different degrees of each other without the Legislature using the word “degree” in defining the crime. Id. at 1077. Similarly, other statutory designations, such as “aggravated” crimes, can demonstrate that one crime is a different degree of another. Id. at 1076-78.
Section 784.03, Florida Statutes (2009), criminalizes battery and provides that battery is a first-degree misdemeanor, except that “[a] person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree.... ” *108 § 784.03(2), Fla. Stat. (2009); The statute establishes the crime of battery, and then enhances the degree of that crime if, as here, the defendant has a prior battery conviction. Under the analysis required by Valdes, we conclude that battery and felony battery (one prior) are merely different degrees of the same offense.[4]
The same is true of felony battery (one prior) and battery on a law enforcement officer. Section 784.07(2)(b), Florida Statutes (2Ó09), reclassifies a battery from a misdemeanor to a felony based on the status of the victim as a law enforcement officer. § 784.07(2)0»), Fla. Stat. (2009).[5] See generally State v. Crumley, 512 So.2d 188, 184 (Fla.1987) (holding under now-outmoded “same evil” test that aggravated battery and battery on law enforcement officer are both aggravated versions of simple battery). Section 784.07 identifies underlying crimes, including assault and battery, adds aggravating factors and enhances the penalties accordingly. See § 784.07(2)(b), Fla. Stat. (2009); Purdy v. State, 844 So.2d 758, 759 (Fla. 5th DCA 2003) (holding that battery on law enforcement officer is just battery reclassified by victim’s status); see also Knowles v. State, 65 So.3d 597, 598-99 (Fla. 4th DCA 2011) (reasoning that because battery on law enforcement officer involves exact same conduct as misdemeanor battery, battery on law enforcement officer was valid predicate for conviction of felony battery (one prior)). This is similar to the relationship between manslaughter and murder, which the Valdes court found were different statutory degrees of the same crime, homicide. See Valdes, 3 So.3d at 1076. Compare § 782.04, Fla. Stat. (2009), with § 782.07, Fla. Stat. (2009). Thus, we hold that felony battery (one prior) and battery on a law enforcement officer arising from the same act are aggravated forms of simple battery. See Knowles, 65 So.3d at 598-99; Purdy, 844 So.2d at 759; see also Valdes, 3 So.3d at 1077. That the two crimes are found in separate statutory sections is important, but not dispositive. Valdes, 3 So.3d at 1076 (approving Justice Cantero’s concurring opinion that murder and manslaughter are different degrees of homicide despite being contained in different statutes).
This analysis applies equally to Ramirez’s convictions for striking Bouzigard. Double jeopardy similarly precludes convictions for both felony battery (one prior) and domestic battery by strangulation arising out of the same event because they are both aggravated forms of simple battery.[6] § 775.021(4)(b)2., Fla. Stat. (2009); Miles v. State, 94 So.3d 662, 663-64 (Fla. 5th DCA 2012); see In re Std. Jury Instrs. in Crim. Cases-Report No. 2008-05, 994 So.2d 1038, 1038-39, 1042-43 (Fla.2008) (promulgating jury instructions showing *109 simple battery is category one lesser included offense of domestic battery by strangulation).
For these reasons, we affirm Ramirez’s convictions and sentences for battery on a law enforcement officer and domestic battery by strangulation, but vacate the convictions and sentences for the two counts of felony battery (one prior). Ramirez shall be present at resentencing.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA and COHEN, JJ., concur.

. Neither party contests that these two pairs of convictions stem from two separate criminal episodes.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Section 775.02 l(4)(a), Florida Statutes (2009), states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

. Though not argued by the parties, we also find that felony battery (one prior) subsumes simple battery. See § 775.021(b)3., Fla. Stat. (2009); Harris v. State, 111 So.3d 922, 2013 ’ WL 1235888 (Fla. 1st DCA March 8, 2013) (holding convictions of felony battery and battery for same act violate double jeopardy).

. Section 784.07(2), Florida Statutes (2009), provides, in pertinent part:
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer .... the offense for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.

.The information filed by the State did not differentiate between Ramirez’s slapping and strangling Bouzigard. Neither did the verdict forms. Perhaps if that had been done, separate convictions for separate acts would have been permitted.