PER CURIAM.
Appellant appeals from multiple convictions following his open plea and sentence to twenty-two years in prison, arguing that two of his convictions violate double jeopardy. We agree and reverse on this issue. Appellant also raises arguments with respect to the cross-examination of a witness at sentencing and a no contact provision in the sentencing order. We affirm these issues without further discussion.
Appellant argues that his convictions for domestic battery by strangulation and felony battery arising out of the same event against a single victim violate double jeopardy. “A defendant who enters a general or open plea does not waive double jeopardy claims.” Demps v. State, 965 So.2d *1189 1242, 1243 (Fla. 4th DCA 2007). A conviction that violates double jeopardy constitutes fundamental error that may be raised for the first time on appeal. Kilmartin v. State, 848 So.2d 1222, 1224 (Fla. 1st DCA 2008). Section 775.021(4)(b)2., Florida Statutes, precludes separate convictions and sentences where the “[o]f-fenses ... are degrees of the same offense as provided by statute.”
The Fifth District recently addressed this issue in Ramirez v. State, 113 So.3d 105, 108 (Fla. 5th DCA 2013), and held that double jeopardy “precludes convictions for both felony battery (one prior) and domestic battery by strangulation arising out of the same event because they are both aggravated forms of simple battery.” The court reasoned that section 784.03, Florida Statutes, “establishes the crime of battery, and then enhances the degree of that crime if, as here, the defendant has a prior battery conviction.” Id. Similarly, “simple battery is [a] category one lesser included offense of domestic battery by strangulation.” Id. at 109. The same rationale applies to the instant case. Accordingly, we vacate appellant’s conviction for felony battery, affirm his other convictions, and remand for resen-tencing.

Affirmed in part, reversed in part, and remanded.

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.