DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**EDUARDO JULIAO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-2873

[October 15, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey Cohen, Judge; L.T. Case No. 10021479CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melvin G. Mosier, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Eduardo Juliao appeals his conviction of aggravated battery, false imprisonment, felony battery, tampering with a witness, and two counts of battery. Juliao raises five issues on appeal, two of which argue double jeopardy violations. We reverse on the two issues raising double jeopardy violations. We affirm without discussion the trial court rulings on the three other issues raised.

The State charged Juliao with aggravated battery (deadly weapon), domestic battery by strangulation, false imprisonment, felony battery (great bodily harm), tampering with a witness, and domestic battery. His wife was the victim of all the crimes charged. All of the offenses charged against Juliao occurred in the apartment he shared with his wife and during a single criminal episode. The jury found him guilty as charged on all counts except domestic battery by strangulation, in which the jury found him guilty of the lesser-included offense of battery. The trial court sentenced him on each charge.

The defendant raised no double jeopardy issues before the trial court. However, "a violation of double jeopardy is a fundamental error which can be raised for the first time on appeal." *Tannihill v. State*, 848 So. 2d 442, 444 (Fla. 4th DCA 2003). Whether double jeopardy is violated is a legal determination, reviewed *de novo*. *State v. Paul*, 934 So. 2d 1167, 1171 (Fla. 2006) (citing *State v. Florida*, 894 So. 2d 941, 945 (Fla. 2005)).

Section 775.021(4)(a), Florida Statutes (2009), requires the use of the *Blockburger*[1] "same elements" test in determining if multiple convictions and punishments are allowed for crimes committed during the same criminal episode. *Ramirez v. State*, 113 So. 3d 105, 107 (Fla. 5th DCA 2013). If each offense "has an element that the other does not, the court must then determine if one of the exceptions set forth in section 775.021(4)(b) applies." *Id.* (citing *Valdez v. State*, 3 So. 3d 1067, 1070 (Fla. 2009)).

> Those exceptions are: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

*Id.*

The State concedes in this case that the felony battery conviction must be vacated because all of the elements of felony battery (great bodily harm) are subsumed in the elements of aggravated battery (deadly weapon), and felony battery is a category one necessarily included offense of aggravated battery. *See* §§ 784.041, 784.045, Fla. Stat. (2009); *see also* Fla. Std. Jury Instr. (Crim.) 8.4, 8.5. The State also concedes that the convictions for battery under counts two and six are based on the same conduct, requiring identical elements of proof. Therefore, the conviction and sentence for one of those counts must be vacated.

We affirm Juliao's convictions and sentences for aggravated battery, false imprisonment, tampering with a witness, and one count of battery. We reverse Juliao's convictions and sentences for felony battery and the other count of battery and remand the case for the trial court to vacate those convictions and sentences.

*Affirmed in part and reversed in part, and remanded for further proceedings.*

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932).

TAYLOR and KLINGENSMITH, JJ., concur.

*         *         *

*Not final until disposition of timely filed motion for rehearing.*