BERGER, J.
, Raymond Delgado petitions for a writ of habeas corpus based on one claim of ineffective assistance of appellate counsel. Specifically, he argues appellate counsel was ineffective for failing to raise on direct appeal that his judgment and sentences for two counts of robbery and two counts of assault constitute double jeopardy. We grant the writ in part.
Delgado was originally charged in a five-count information with the following offenses: robbery with a firearm (counts one and three); aggravated assault with a firearm (counts two and four); and possession of drug paraphernalia (count 5). After a trial on counts one and two, which involved a single victim, Delgado was found guilty of the lesser included offenses of robbery and- assault. He was sentenced. to serve eight years in prison, followed -by two years of community control and five years of probation on the robbery charge, and a concurrent sentence of sixty days in the county jail on the assault charge.
■ A month later, Delgado entered into a negotiated plea bargain with the State on counts three and four. Under the terms of the plea, Delgado pleaded no contest to the lesser included offense of robbery in count three and assault in count four.[1] In exchange for the plea, Delgado was sentenced to a term of six years on the robbery and sixty days on the assault, both of *1073 which were ordered to run concurrent with each other and concurrent with the sén-tences previously imposed on counts one and two.
Delgado appealed his judgment and sentences. This Court affirmed Delgado’s judgment and sentences without opinion. See Delgado v. State, 150 So.3d 1168 (Fla. 5th DCA 2014). The sole issue raised by appellate counsel was whether the trial court erred in denying his motion for judgment of acquittal.
In evaluating whether an ineffectiveness of appellate counsel claim warrants habeas corpus relief, this Court must determine the following:
[F]irst, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.
Pope v. Wainwright, 496 So.2d 798, 800 (Fla.1986) (citing Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985)). “The [petitioner] has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based.” Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000) (citing Knight v. State, 394 So.2d.997, 1001 (Fla.1981)). When the claim involves appellate counsel, “the deficiency must concern an issue which is error affecting the outcome, not simply harmless error.” Id. (quoting Knight, 394 So.2d at 1001).
A claim of double jeopardy constitutes a question of fundamental error that may be raised for the first time on direct appeal, even if not properly preserved. Bailey v. State, 21 So.3d 147, 149 (Fla. 5th DCA 2009) (citing Crites v. State, 959 So.2d 1265, 1267 (Fla. 5th DCA 2007)). As such, the failure to raise a valid double jeopardy claim on direct appeal may constitute ineffective assistance of appellate counsel. See Perri v. State, 154 So.3d 1204, 1205 (Fla. 2d DCA 2015) (citing Novaton v. State, 634 So.2d 607, 609 (Fla.1994)).
 Delgado contends that appellate counsel was ineffective for failing to argue on appeal that his dual convictions for robbery and assault violated his double jeopardy rights. We agree as to the robbery and assault convictions obtained on the two counts that went to trial.[2] See Bell v. State, 114 So.3d 229, 230 (Fla. 5th DCA 2013) (noting separate convictions for robbery and assault violate double jeopardy (citing Latimer v. State, 44 So.3d 1239, 1240 (Fla. 5th DCA 2010) (holding convictions for robbery and simple assault arising from the same criminal episode violate double jeopardy))). Had appellate counsel raised this issue in Delgado’s direct appeal, we would have been constrained to reverse his conviction and sentence for assault. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002) (noting the proper remedy for a double jeopardy .violation through dual convictions is the vacation of the conviction for the lesser offense (quoting Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998))). However, the same cannot be said for the robbery and assault, convictions arising from counts three and four, because those counts were disposed of by a negotiated plea deal. Thus, Delgado’s claim must fail as to counts three and four.
As a general rule, a plea precludes a later double jeopardy attack on a judg *1074 ment and sentence. Novaton, 634 So.2d at 609 (citing United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). An exception to this rule occurs when the plea is general, the double jeopardy violation is apparent from the record, and there is nothing in the record to indicate a waiver of the violation. Id. That is not the case here because Delgado entered into a negotiated plea with the State on counts three and four. As a result, we conclude the exception does not apply[3] and that Delgado waived any double jeopardy claim that may have affected his convictions for robbery and assault on those counts. See Lewis v. State, 827 So.2d 1052, 1052 (Fla. 5th DCA 2002) (noting a bargained-for plea agreement waives the right to make a double jeopardy challenge on appeal (citing Melvin v. State, 645 So.2d 448 (Fla.1994))).
Accordingly, we grant the writ as it relates to Delgado’s judgment for assault in count two of the information. In all other respects, the writ is denied. Because a new appeal would be redundant, we remand with directions for the trial court to vacate Delgado’s judgment and sentence for assault on count two.
PETITION GRANTED IN PART AND DENIED IN PART.
TORPY and WALLIS, JJ., concur.

. Count five, possession of drug paraphernalia, was resolved by a negotiated'plea prior to the trial on counts one and two.

. The State properly concedes this point.

. It is worth noting that the information identifies multiple victims for counts three and four. Accordingly, a double jeopardy violation is not apparent on the face of the record.