PER CURIAM.
We reverse and remand the trial court’s order summarily denying appellant’s timely rule 3.850 motion. The trial court summarily denied the motion without explanation, without ordering a state response, and with no record attachments. It is well-settled that this is error. Campbell v. State, 155 So.3d 1252 (Fla. 4th DCA 2015); Holley v. State, 67 So.3d 443 (Fla. 4th DCA 2011); Simon v. State, 997 So.2d 490, 492 (Fla. 4th DCA 2008); Terry v. State, 970 So.2d 863 (Fla. 4th DCA 2007); Dieudonne v. State, 958 So.2d 516 (Fla. 4th DCA 2007). “To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.” Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citation omitted).
The State concedes that remand is required for further proceedings as to claims one and three.
We disagree with the State’s argument that this Court already addressed appellant’s second claim in prior appeals. The issue presented in claim two was not addressed in either of appellant’s prior appeals. See Thompson v. State, 123 So.3d 1188 (Fla. 4th DCA 2013); Thompson v. State, 172 So.3d 884 (Fla. 4th DCA 2015) (table). On remand, the trial court shall address all of appellant’s claims.

Reversed and remanded for farther proceedings.

TAYLOR, GERBER and KLINGENSMITH, JJ., concur.