IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAHMAN WHITFIELD,

     Petitioner,

 v.                                  Case No.  5D16-1262

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed October 28, 2016

Petition Alleging Ineffectiveness of
Appellate Counsel,
A Case of Original Jurisdiction.

Jahman Whitfield, Live Oak, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent.

EDWARDS, J.

     Jahman Whitfield petitions for postconviction relief pursuant to Florida Rule of

Appellate Procedure 9.141(d), asserting ineffective assistance of appellate counsel.

Following a jury trial, Whitfield was convicted of raping, kidnapping, strangling, and

battering his grandmother in her house.  We find merit only as to Whitfield's claim in

ground one of his petition that, under the circumstances of this case, his convictions for

both domestic battery by strangulation (count four) and battery on a person sixty-five

years or older (count six) violate the prohibition against double jeopardy and that appellate counsel's failure to raise that issue on direct appeal constitutes ineffective assistance of counsel.

To grant postconviction relief based on ineffective assistance of appellate counsel, this court must first determine:

> [W]hether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.

*Dill v. State*, 79 So. 3d 849, 851 (Fla. 5th DCA 2012) (alteration in original) (quoting *Freeman v. State*, 761 So. 2d 1055, 1069 (Fla. 2000)). The failure to raise a potentially meritorious issue can constitute deficient performance. *See*, e.g., *King v. State*, 15 So. 3d 27, 28 (Fla. 1st DCA 2009) (granting new appeal due to appellate counsel's failure to raise two potentially meritorious issues). This standard parallels the standard for ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). This court has granted relief under rule 9.141 for failure to argue double jeopardy as fundamental error on direct appeal. *See, e.g.*, *Delgado v. State*, 174 So. 3d 1071, 1073-74 (Fla. 5th DCA 2015).

Section 784.041(2)(a), Florida Statutes (2012), criminalizes domestic battery by strangulation (count four). It is an aggravated form of simple battery. *Ramirez v. State*, 113 So. 3d 105, 108 (Fla. 5th DCA 2013); *accord Thompson v. State*, 123 So. 3d 1188, 1188-89 (Fla. 4th DCA 2013). Count six charged Whitfield with battery on a person sixty-five years or older. This is a reclassified version of simple battery, defined simply as a

battery on a person sixty-five years of age or older. § 784.08(2), Fla. Stat. (2012). Both are third-degree felonies. §§ 784.041(3); 784.08(2)(c), Fla. Stat. (2012).

In *Ramirez*, this Court held that two pairs of convictions, one consisting of felony battery (one prior) and domestic battery by strangulation, and one consisting of felony battery (one prior) and battery on a law enforcement officer, violated double jeopardy. 113 So. 3d at 108. This Court reasoned that both pairs of convictions ran afoul of section 775.021(4)(b)2., Florida Statutes (2009), which forbids convictions of two offenses that are "different degrees of the same offense." *Id.* at 107 (citing *Valdes v. State*, 3 So. 3d 1067, 1077 (Fla. 2009)). Though the various offenses were not found in the same statute, they had a degree relationship because each was merely an aggravated form, or higher degree, of simple battery. *Id.* at 108. The same logic applies here. Both domestic battery by strangulation and battery on a person sixty-five or older are aggravated forms, or higher degrees, of simple battery. *See* §§ 784.041(2)(a); 784.08(2), Fla. Stat. (2012).

Therefore, prohibitions against double jeopardy preclude Whitfield from being convicted, adjudicated guilty, and sentenced for both charges, which arise out of the same criminal episode. *See Ramirez*, 113 So. 3d at 108-09. We acknowledge the State's argument that under appropriate circumstances, one could commit and be convicted of two seemingly similar crimes committed in a single episode without violating double jeopardy. *See, e.g., State v. Drawdy*, 136 So. 3d 1209, 1214 (Fla. 2014). However, the State did not identify different conduct, acts, or events sufficiently as to both counts, nor was the jury instructed to consider Whitfield's conduct underlying counts four and six as anything other than differing degrees of the same crime. Appellate counsel should have

3

raised this issue on appeal. *See, e.g.*, *Delgado*, 174 So. 3d at 1073-74 (granting writ under rule 9.141(d) due to counsel's failure to raise double jeopardy on appeal).

When dual convictions violate double jeopardy, the proper remedy is to vacate one conviction. *See Benjamin v. State*, 77 So. 3d 781, 784 (Fla. 4th DCA 2011) (quoting *Binns v. State*, 979 So. 2d 439, 442 (Fla. 4th DCA 2008)); *see also Anthony v. State*, 108 So. 3d 1111, 1120 (Fla. 5th DCA 2013) (holding that two of appellant's four convictions for providing false information to police were barred by double jeopardy). Normally, the remedy would be vacation of the lesser offense. *Delgado*, 174 So. 3d at 1073. Here, both counts involved are third-degree felonies; however, count four is a "level six" felony for scoresheet purposes, while count six is a lower-scoring "level four" felony. § 921.0022(d)-(f), Fla. Stat. (2012). Therefore, we grant Whitfield's petition, in part, regarding the issue raised in ground one, and remand the case to the postconviction court with directions to vacate the judgment and sentence only for count six. We carefully considered and deny all other grounds asserted by Whitfield.

PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.

SAWAYA and ORFINGER, JJ., concur.

4