DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMIE PERRY VAN ZAGARELLA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3394

[March 15, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 562020CF001407A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The defendant appeals his conviction of two counts of battery on a law enforcement officer. He raises four issues on appeal. We affirm three of those issues and write to address the defendant's argument that the trial court erred when it did not allow the defendant to consult standby counsel. We reverse on the fourth issue and agree with the defendant that the trial court erred when it cited both simple battery and battery on a law enforcement officer in the final judgment.

### A. The Court Did Not Err When it Declined the Defendant's Repeated Requests to Consult with Standby Counsel

After the state rested its case, the defendant asked to represent himself for the rest of the trial. The court conducted a *Faretta* hearing[1] and informed the defendant of the risks of self-representation and found he

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

freely, knowingly, and voluntarily chose to represent himself despite these risks. The court also asked the defendant's counsel to remain in the courtroom in case the defendant changed his mind.

The defendant called himself to testify and the court had to repeatedly instruct him on admissible evidence and the differences between evidence and arguing. He also repeatedly attempted to read from deposition testimony, which the court refused to allow. The trial judge explained to the defendant that he would not be permitted to read from the deposition and asked him if he still wanted to represent himself. The defendant responded that he did.

During the state's cross-examination of the defendant, the judge again offered to reappoint his attorneys. Again, the defendant declined. Later, while attempting to question a witness, the defendant asked if he could "call up just one of my lawyers to give me a little help on the side?" He asked if he could have just one of the attorneys help him.

The judge responded that he either had an attorney or he did not. The judge allowed the defendant to consult his former attorneys to determine whether they should represent him. After that discussion, the defendant chose to represent himself "of his own free will." After the jury returned its verdict, the defendant agreed to allow the public defender to represent him.

The defendant argues the court erred by not acceding to his request to "call up just one of my lawyers to give me a little help on the side?" We disagree. In *Faretta*, 422 U.S. at 834, the Supreme Court held that a criminal defendant has the right under the Sixth Amendment to reject appointed counsel and represent himself. In such an instance, the court may appoint "standby counsel" "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.* at 834 n.46.

While standby counsel is constitutionally permissible, it is not required. *Jones v. State*, 449 So. 2d 253 (Fla. 1984). Nor does a defendant have a Sixth Amendment right to "hybrid representation," in which a defendant represents himself, but has counsel prepare filed pleadings. *Sheppard v. State*, 17 So. 3d 275, 279-80 (Fla. 2009). Finally, "a defendant who represents himself has the entire responsibility for his own defense, even if he has standby counsel." *Behr v. Bell*, 665 So. 2d 1055, 1056–57 (Fla. 1996).

In the end, "[a] defendant has no constitutional right to standby counsel," *Paul v. State*, 152 So. 3d 635, 641 (Fla. 4th DCA 2014) (citing *Jones*, 449 So. 2d at 258), and "a defendant may not manipulate the proceedings by willy-nilly leaping back and forth between the choices." *Id.* (quoting *Jones*, 449 So. 2d at 259).

The defendant cannot prevail on his claim that the trial court erred when it declined to allow him to access standby counsel it was not required to give him.

**B.     The Final Judgment Improperly Cites Simple Battery and Battery on a Law Enforcement Officer**

The defendant also argues a "scrivener's error" appears in his final judgment. He argues the judgment impermissibly cites two crimes: simple battery and battery on a law enforcement officer. He argues this violates double jeopardy under section 775.04(b)(2), Florida Statutes (2021), because it convicts him of two offenses that are "different degrees of the same offense." *See Ramirez v. State*, 113 So. 3d 105, 108 (Fla. 5th DCA 2013).

In *Ramirez*, the Fifth District concluded that based on the "same elements" test found in *Blockburger v. United States*, 284 U.S. 299 (U.S. 1932), battery and felony battery based on one prior battery were different degrees of the same offense and so were crimes arising from the same criminal transaction. 113 So. 3d at 107-08. Therefore, a defendant could not be convicted of both under Florida's double jeopardy statute, section 775.021(4)(a). *Id.* The Fifth District held the same was true of felony battery with one prior and battery on a law enforcement officer because they were both "aggravated forms of simple battery." *Id.* at 108-09. We adopted *Ramirez's* reasoning in *Juliao v. State*, 149 So. 3d 1151 (Fla. 4th DCA 2014), when we held that felony battery and aggravated battery were the same offense for double jeopardy purposes.

Based on these decisions, the defendant is correct that the trial court improperly convicted him of both simple battery under section 784.03(1), Florida Statutes (2021), and battery on a law enforcement office under section 784.07(2)(b), Florida Statutes (2021). We reverse the defendant's conviction for simple battery (the lowest offense) and remand with instructions to remove the final judgment's reference to simple battery.

*Affirmed in part, reversed in part, and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

3

GROSS, J., concurring specially.

It is difficult enough for a trial court to navigate the legal requirements imposed by *Faretta v. California*, 422 U.S. 806 (1975), without creating yet another legal Charybdis by imposing similar requirements on the participation of standby counsel, once appointed.

After reviewing the case law regarding standby counsel, I conclude that appellate courts should recognize the "broad discretion" of trial courts "to guide what, if any, assistance" standby counsel may provide and review such decisions accordingly. *United States v. Lawrence,* 161 F.3d 250, 253 (4th Cir. 1998).

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***