# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

WILFRID JOSEPH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

No. 2D2023-0897
_____

February 12, 2025

Appeal from the Circuit Court for Sarasota County; Thomas W. Krug, Judge.

Andrea Flynn Mogensen of The Law Office of Andrea Flynn Mogensen, P.A., Sarasota, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

Wilfrid Joseph appeals his judgment and sentences after being found guilty by jury of burglary of a structure, conveyance, or dwelling with an assault or battery in violation of sections 810.02(1) and (2)(a), Florida Statutes (2019) (count one); aggravated battery by a person using a deadly weapon in violation of section 784.045(1)(a)2, Florida Statutes (2019) (count two); and felony battery resulting in great bodily harm in

violation of section 784.041(1) (count three). Joseph was alleged to have punched, choked, kicked, and stabbed his girlfriend. The victim suffered a two-centimeter stab wound to the back of her left thigh, three fractured ribs from blunt force trauma, and bruising. Joseph was sentenced to prison for 99.150 months for counts one and two, followed by eighteen months of probation, and to 99.150 months for count three to run concurrently to counts one and two.

We affirm Joseph's judgment and sentences but write to address one issue raised for the first time on appeal. He argues that his convictions for aggravated battery with a deadly weapon and felony battery resulting in great bodily harm violate double jeopardy principles because he "cannot be convicted twice for the same offense arising from the same criminal episode." Because Joseph was charged under separate statutes for counts two and three and because the charging document differentiates between Joseph's physical attack on the victim and his stabbing the victim, we conclude that the convictions do not violate double jeopardy principles under *Valdes v. State*, 3 So. 3d 1067 (Fla. 2009). We reject his other arguments without discussion.

A double jeopardy violation is a fundamental error which can be raised for the first time on appeal. *Powers v. State*, 289 So. 3d 565, 565 (Fla. 2d DCA 2020).

> "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature 'intended to authorize separate punishments for the two crimes.' " *Valdes*[, 3 So. 3d at 1070] (quoting *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996)). Absent clear legislative intent to authorize separate punishments, courts employ the *Blockburger* [*v. United States*, 284 U.S. 299 (1932),] "same elements" test, *i.e.*, "whether each offense has an element that the other does not," codified at section 775.021(4)(a), Florida

2

Statutes (2009). If, as here, each of the offenses has an element that the other does not, the court must then determine if one of the exceptions set forth in section 775.021(4)(b) applies to preclude separate convictions and sentences. *Valdes*, 3 So. 3d at 1070. Those exceptions are: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

*Ramirez v. State*, 113 So. 3d 105, 107 (Fla. 5th DCA 2013) (footnotes omitted). "[T]he plain meaning of the language of subsection (4)(b)(2) . . . is that '[t]he Legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the *statute* itself provides for an offense with multiple degrees.' " *Valdes*, 3 So. 3d at 1076 (second alteration in original) (quoting *State v. Paul*, 934 So. 2d 1167, 1176 (Fla. 2006) (Cantero, J., specially concurring)).

Joseph concedes that the first and third exceptions set forth in section 775.021(4)(b) do not apply. Instead, he argues that the second exception, the degrees of the same offense exception, is applicable. Here, in pertinent part, the State charged Joseph with aggravated battery by a person using a deadly weapon in violation of section 784.045(1)(a)2 and felony battery resulting in great bodily harm or disability in violation of section 784.041(1). Specifically, in count two it was alleged that Joseph intentionally touched or struck or intentionally caused bodily harm to the victim "and in doing so used a deadly weapon, to-wit: KNIFE." In count three, Joseph was alleged to have unlawfully, actually, and intentionally touched or struck the victim against her will "and in doing so cause[d] great bodily harm, permanent disability, or permanent disfigurement."

The separate statutes Joseph was charged under are an indication of legislative intent to authorize separate punishments for the two crimes. *See Valdes*, 3 So. 3d at 1076 ("There is no constitutional prohibition against narrowly interpreting double jeopardy exceptions precisely because there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode, as long as the Legislature intends such punishments."). Further, because the second amended information filed by the State differentiates between Joseph's physical attack on the victim and his stabbing of the victim, separate convictions for these separate acts are permitted. *Cf. Ramirez*, 113 So. 3d at 108 n.6 ("The information filed by the State did not differentiate between Ramirez's slapping and strangling Bouzigard. Neither did the verdict forms. Perhaps if that had been done, separate convictions for separate acts would have been permitted.").

Because Joseph was charged under separate statutes for aggravated battery with a deadly weapon and for felony battery causing great bodily harm, we conclude that Joseph's convictions for counts two and three do not violate double jeopardy principles. *See Valdes*, 3 So. 3d at 1076; *see also Brown v. State*, 189 So. 3d 837, 840 (Fla. 4th DCA 2015) ("Because appellant was charged and convicted under two separate statutes, the degree variant exception does not apply.").

Affirmed.

LUCAS and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4