CIKLIN, J.
Michelle Rimondi appeals her convictions and sentences for third-degree grand theft in violation of section 812.014, Florida Statutes (2009), and felony retail theft in concert with others in violation of section 812.015(8)(a). Rimondi raises two issues on appeal; however, we find merit in the double jeopardy issue only and decline to discuss the other issue. We reverse Ri-mondi’s conviction and sentence for third-degree grand theft because it violates double jeopardy, but we affirm her conviction and sentence for felony retail theft.
On September 30, 2009, Rimondi and her husband, Luis Milian, entered a Wal-mart store located in Port St. Lucie. Ray Papsidero, a Walmart asset protection manager, observed Rimondi and Milian via the store’s surveillance cameras. At some point, Papsidero saw them stop in a toy aisle. Milian motioned to Rimondi who then picked up a box of merchandise and held it just above the shopping cart. Ri-mondi continued to hold up the box while Milian removed some packages of razors from their shopping cart and concealed them inside his pants. After Milian placed the last item in his pants, he nodded to Rimondi who then placed the box she was holding up into the cart. Rimondi and Milian were subsequently arrested for stealing or attempting to steal the razors which were determined to have a retail value in excess of $400.
Based on the aforementioned incident, Rimondi was charged by information with third-degree grand theft and felony retail theft in concert with others. A jury found her guilty of both offenses as charged in the information. The trial court subsequently adjudicated Rimondi guilty of both charges and sentenced her to concurrent terms of thirty months in prison, followed by thirty months of probation for each conviction.
Rimondi argues that her convictions and sentences for both crimes violate the prohibition against double jeopardy. We agree. “Because double jeopardy issues involve purely legal determinations, the standard of review is de novo.” Benjamin v. State, 77 So.3d 781, 783 (Fla. 4th DCA 2011). Additionally, because dual convictions in violation of the prohibition against double jeopardy constitute fundamental error, “a double jeopardy claim may be raised for the first time on appeal.” DeLuise v. State, 72 So.3d 248, 252 (Fla. 4th DCA 2011).
“The most familiar concept of the term ‘double jeopardy’ is that the Constitution prohibits subjecting a person to *1061 multiple prosecutions, convictions, and punishments for the same criminal offense.” Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009). The double jeopardy clauses of the United States and Florida Constitutions, however, do not prohibit “multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.” Id.; see also Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982) (“The Double Jeopardy Clause presents no substantive limitation on the legislature’s power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.” (citation and internal quotation marks omitted)).
To determine whether the Florida Legislature intended to authorize separate punishments for different offenses arising out of the same criminal transaction, courts first look to the statutes defining the crimes to see if there are any “specific, clear and precise statements of legislative intent.” Valdes, 3 So.3d at 1071. Absent a clear statement of legislative intent in the criminal offense statutes themselves, courts employ the Blockburger[1] test, codified in section 775.021(4), Florida Statutes, to determine whether separate offenses exist. Id. at 1070-72.
Section 775.021(4)(a) provides that offenses committed in “the course of one criminal transaction or episode” are separate offenses only “if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” In section 775.021(4)(b), the legislature has stated that its intent “is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction.” There are three enumerated exceptions to this rule of construction:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat. (2009).
Here, Rimondi was convicted and sentenced for both third-degree grand theft and felony retail theft in concert with others. There is no dispute in this case that both offenses were committed in the course of one criminal transaction or episode; therefore, we must determine if the legislature intended to authorize separate punishments for these two offenses when they are committed during the same criminal transaction. Neither statute contains any “specific, clear, and precise” statement of the legislative intent to authorize separate punishments for the two offenses when they arise out of the same criminal transaction.[2] See Valdes, 3 So.3d at 1071. *1062 Thus, we look to section 775.021(4) to discern the legislature’s intent. As a result, the resolution of this case turns on a comparison of the statutory elements of third-degree grand theft as defined in section 812.014 and felony retail theft as defined in section 812.015(8)(a).
The elements of third-degree grand theft are: (1) Knowingly (2) obtaining or using, or endeavoring to obtain or use, the property of another, (3) with the intent to either temporarily or permanently deprive the person of a right to the property or a benefit from it, or to appropriate the property to one’s own use or the use of any other person not entitled to it; and (4) the value of the property taken is valued at $300 or more. See § 812.014, Fla. Stat. (2009).
The elements of felony retail theft under section 812.015(8)(a) are: (1) Knowingly (2) taking possession of or carrying away of merchandise, property, money, or negotiable documents; (3) with intent to deprive the merchant of possession, use, benefit, or full retail value; (4) the value of the property taken is valued at $300 or more; and (5) the person, individually or in concert with one or more other persons, coordinates the activities of one or more individuals in committing the offense. See § 812.015(l)(d), (8)(a), Fla. Stat. (2009).
Although worded differently, all of the elements of third-degree grand theft are included in the offense of felony retail theft in concert with others. The felony retail theft offense, however, contains an element that is not an element of the third-degree grand theft, namely that the defendant “coordinates the activities of one or more individuals in committing the offense.”[3] Thus, the exception enumerated in section 775.021(4)(b)3 is applicable as the statutory elements of third-degree grand theft are subsumed by the felony retail theft in concert with others offense.[4] Although both offenses are third-degree felonies, the third-degree grand theft is a “lesser offense” because its required statutory elements are always subsumed by the retail theft offense defined in section 812.015(8)(a) “without regard to the charging document or evidence at trial.” See Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006). Consistent with this construction that retail theft in concert with others is the greater offense, the legislature has assigned a lower severity ranking to third-degree grand theft (level 2 offense) than to third-degree felony retail theft (level 5 offense). See § 921.0022, Fla. Stat. (2009).
The state contends that the dual convictions here are valid based on the Florida Supreme Court’s ruling in Valdes, 3 So.3d at 1067, because the two offenses are found in separate statutory provisions. The state’s reliance on Valdes is misplaced, however, because the supreme court in Valdes only addressed the interpretation of section 775.021(4)(b)2, which applies to *1063 “[ojffenses which are degrees of the same offense as provided by statute.” Our decision here is based on section 775.021(4)(b)3 as well as the definition of “separate offenses” as defined in section 775.021(4)(a).
The fact that all of the elements of the third-degree grand theft were subsumed by the felony retail theft charge also makes this case distinguishable from McKinney v. State, 66 So.3d 852 (Fla. 2011), where the supreme court held that a defendant could be convicted of both robbery and grand theft for the same criminal transaction. Id. at 853. The supreme court noted:
A comparison of the elements of the crimes demonstrates that each offense requires an element of proof that the other does not. Robbery requires that the State show that “force, violence, assault, or putting in fear was used in the course of the taking,” and grand theft requires that the State show the value of the property taken. Accordingly, section 775.021(4)(b)l is inapplicable. Additionally, because neither offense is wholly subsumed by the other, neither is a necessarily included offense of the other. Therefore section 775.021(4)(b)3 is also inapplicable.
Id. at 857. In this case, both the third-degree grand theft and the felony retail theft in concert with others require proof of the value of the property taken.
In summary, Rimondi’s convictions and sentences for both third-degree grand theft and felony retail theft in concert with others violate the prohibition against double jeopardy because the statutory elements of the third-degree grand theft are subsumed by the felony retail theft offense. We therefore affirm the conviction and sentence for felony retail theft in concert with others (count II) and remand with instructions that the trial court vacate the conviction and sentence for third-degree grand theft (count I). See Pizzo, 945 So.2d at 1206 (“When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.”).

Affirmed in part and reversed in part.

TAYLOR and GERBER, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. In 1985, the Florida Supreme Court held, "Under section 812.015, retail theft is a species of the theft defined in section 812.014, not a separate crime for purposes of penalty determination.” Emshwitler v. State, 462 So.2d 457, 458 (Fla.1985). Nothing in the legislative history from the past twenty-seven years indicates that the legislature ever disagreed with this interpretation. See Burdick v. State, 594 So.2d 267, 271 (Fla.1992) ("It is a well-established rule of statutory construction that when a statute is reenacted, the judicial construction previously placed on the statute is presumed to have been adopted in the reenactment.”). Nevertheless, it is unclear whether the supreme court’s interpretation of the retail theft statute is still authoritative after Valdes given that paragraph (b) of section 775.021(4) was added in 1988, several years after the Emshwiller opinion. See ch. 88-131, § 7 at 709-10, Laws of Fla.

. The retail theft offenses could also be construed as containing an additional element in that the victim must be a statutorily defined "merchant.” Treating the "merchant” victim as an additional element does not change the analysis, however, as expanding the number of elements for the retail theft offense does not change the fact that all of the elements of third-degree grand theft are subsumed by it.

. Even if the exception under section 775.02 l(4)(b)3 were inapplicable, convictions under both statutes in this case would constitute a double jeopardy violation because the two offenses are not "separate” offenses as defined in section 775.02l(4)(a) because each offense does not require “proof of an element that the other does not.” While felony retail theft as defined in section 812.015(8)(a) contains an element that is not an element of third-degree grand theft, the converse is not true — third-degree grand theft does not require "proof of an element that the other does not.”