DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILFRED A. BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3371

[July 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 06-2009006254CF10A.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Wilfred Brown appeals his convictions for grand theft and fraudulent security transaction. He argues that his convictions violate double jeopardy, and that the trial court erred in imposing supplemental costs of prosecution without holding a hearing. We hold that the convictions do not violate double jeopardy, but he is entitled to a hearing on the supplemental costs of prosecution.

Appellant was charged with two counts: (1) grand theft, in violation of sections 812.014(1)(a)-(b) and 812.014(2)(a)1., Florida Statutes (2007); and (2) a fraudulent security transaction, in violation of sections 517.301 and 517.302, Florida Statutes (2007). The state alleged that the victim gave the appellant $175,000 which appellant was to invest with a bank which would manage the money. Instead, he used the victim's money for personal expenses. Appellant was found guilty after a trial and sentenced on both charges. The trial court also imposed a judgment for costs of prosecution.

On appeal, appellant contends his convictions for both grand theft and fraudulent security transaction violate double jeopardy. A double jeopardy violation is fundamental error that can be raised for the first time on appeal. *Rimondi v. State*, 89 So. 3d 1059, 1060 (Fla. 4th DCA 2012). In the present case, the state has accepted the facts as explained by appellant in his initial brief and does not raise any disputes of fact. "A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." *Newton v. State*, 31 So. 3d 892, 894 (Fla. 4th DCA 2010) (quoting *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006)).

"The double jeopardy clauses of the United States and Florida Constitutions . . . do not prohibit 'multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.'" *Rimondi*, 89 So. 3d at 1061 (quoting *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009)). Section 775.021(4), Florida Statutes (2007), which codifies the test established in *Blockburger v. United States*, 284 U.S. 299 (1932), provides:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity . . . to determine legislative intent. Exceptions to this rule of construction are:
>
> 1. Offenses which require identical elements of proof.
> 2. Offenses which are degrees of the same offense as provided by statute.
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(a)-(b), Fla. Stat. (2007).

Thus, "[i]f each offense 'has an element that the other does not, the court must then determine if one of the exceptions set forth in

775.021(4)(b) applies.'" *Juliao v. State*, 149 So. 3d 1151, 1153 (Fla. 4th DCA 2014) (quoting *Ramirez v. State*, 113 So. 3d 105, 107 (Fla. 5th DCA 2013)). In applying this test, courts examine the statutory elements of the two offenses and do not consider "the actual evidence presented at trial or the facts as alleged in a particular information." *Donovan v. State*, 572 So. 2d 522, 526 (Fla. 5th DCA 1990); *see also* § 775.021(4)(a), Fla. Stat. (2007) ("without regard to the accusatory pleading or the proof adduced at trial"); *Rimondi,* 89 So. 3d at 1062 ("[T]he resolution of this case turns on a comparison of the statutory elements . . . .").

At the time of appellant's crime, the statutory elements of theft were:

> (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

> (a) Deprive the other person of a right to the property or a benefit from the property.

> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

§ 812.014(1), Fla. Stat. (2007). If the property stolen is valued at $100,000 or more, the theft becomes first-degree grand theft, a first-degree felony. § 812.014(2)(a)1., Fla. Stat. (2007).

At the time of appellant's crime, the statutory elements of a fraudulent security transaction under section 517.301(1)(a), Florida Statutes (2007), on which appellant was tried, were:

> (1) It is unlawful and a violation of the provisions of this chapter for a person:

> (a) In connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security . . . directly or indirectly:

> 1. To employ any device, scheme, or artifice to defraud;

> 2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

Applying the test of section 775.021(4)(a), Florida Statutes (2007), to these elements, "each offense requires proof of an element that the other does not[.]" A fraudulent security transaction requires proof of a connection with the rendering of investment advice or with the offer, sale or purchase of an investment. *See* § 517.301(1)(a), Fla. Stat. (2007). This is not required of grand theft. First-degree grand theft requires proof that the stolen property is worth at least $100,000, which is not an element of fraudulent security transaction. *See* § 812.014(2)(a)1., Fla. Stat. (2007).

Appellant argues that we should consider the two statutes as "degree variants" of the same offense pursuant to section 775.021(4)(b)2., Florida Statutes (2007). He relies on *Thompson v. State*, 585 So. 2d 492 (Fla. 5th DCA 1991), *approved and adopted by State v. Thompson*, 607 So. 2d 422 (Fla. 1992), in which the supreme court approved the Fifth District's opinion that a conviction under the general theft statute, Chapter 812, and a conviction under the Anti-Fencing Statute, Chapter 817, violated double jeopardy, because Chapter 817 was a different degree or variant of the general theft statute, Chapter 812. *Thompson* appears limited to these specific statutes, because in *Valdes v. State*, 3 So. 3d 1067 (Fla. 2009), the court held:

> [W]e conclude, as Justice Cantero did in his special concurrence in [*State v.*] *Paul*, [934 So. 2d 1167 (Fla. 2006),] that the plain meaning of the language of subsection (4)(b)(2), providing an exception for dual convictions for "[o]ffenses which are degrees of the same offense as provided by statute," is that "[t]he Legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the *statute* itself provides for an offense with multiple degrees." . . .

*Id.* at 1076. Because appellant was charged and convicted under two separate statutes, the degree variant exception does not apply.

As to the cost award, we reverse. We agree with appellant's arguments that the cost award for prosecution witness travel costs violated his due process rights, because the court did not provide him an opportunity to be heard and the state did not prove the amount of the costs. It is undisputed that the court never held a separate hearing on the issue of prosecution

costs, and the state did not provide notice prior to the sentencing hearing of the costs it sought to assess. A defendant must receive notice *before* the sentencing hearing, so that defense counsel can prepare any challenges to the evidence the state plans to offer in support. *See Davis v. State*, 677 So. 2d 1366, 1367 (Fla. 4th DCA 1996) ("The record does not demonstrate that there was notice *before the sentencing hearing* of the state's intent to seek $50 costs of prosecution pursuant to section 939.01, Florida Statutes (1995).") (emphasis added). Moreover, the state failed to provide competent substantial evidence of these costs. Although the state attached a "costs compilation" invoice to its motion for costs of prosecution and proffered testimony from one of its employees, the document never was admitted into evidence and the testimony never was taken. We therefore reverse for a new hearing on costs.

*Affirmed as to convictions; reversed as to cost judgment.*

GROSS and CONNER, JJ., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**