DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ANGUILLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3706

[April 11, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa Porter, Judge; L.T. Case No. 14-12508 CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

ROBERTS, KATHLEEN, Associate Judge.

The Defendant appeals a number of convictions and sentences resulting from DUI and reckless driving charges. He argues that several combinations of the convictions violate double jeopardy principles since they are degrees of the same offenses and involve a single victim. We agree with some of his arguments, and reverse in part. We hold that where there is a single victim and the charges arise from a single episode, dual convictions for DUI with serious bodily injury and DUI with property damage, as well as dual convictions for reckless driving with serious bodily injury and reckless driving with property damage, violate the prohibition against double jeopardy.

The Defendant was involved in a horrific crash that left a single victim severely injured. After an investigation the Defendant was ultimately charged in an Amended Information with: 1. DUI with serious bodily injury; 2. reckless driving with serious bodily injury; 3. DUI with property damage; 4. reckless driving with property damage; and 5. refusal to submit.[1]

---

[1] While the record only contains a redacted version of the Amended Information, the redacted portion is the "to wit" portion of the charge. The charge conference, the arguments, and the transcript of the sentencing hearing refer to only one victim and

1

The Defendant, on the day of trial, opted to enter an open plea to the five count Information as charged.  The court accepted the plea and set the case for sentencing.  At the sentencing hearing, the defense argued that the Defendant could not be sentenced consecutively for the DUI with serious bodily injury and reckless driving with serious bodily injury.[2]  After hearing argument from both sides, the court agreed with the State that there was not a double jeopardy issue in a conviction and sentence for DUI with serious bodily injury and reckless driving with serious bodily injury when there is only one victim.  The trial court sentenced the Defendant on the two felony driving charges to incarceration in the Department of Corrections followed by a probationary period, and sentenced the Defendant to time served on each of the relevant misdemeanors.  This appeal follows the sentence.

The Defendant challenges his convictions and sentences by asserting that he cannot be convicted and sentenced of both DUI and reckless driving with serious bodily injury, DUI and reckless driving with property damage, DUI with serious bodily injury and property damage as to the same victim, and reckless driving with serious bodily injury and property damage to the same victim.  For the purposes of this discussion, the issues are reconfigured to address the relationship between DUI and reckless driving and secondly the relationship between DUI and its enhancements and reckless driving and its enhancements.

1. **Convictions for both DUI and reckless driving do not violate Double Jeopardy.**

The Defendant asserts that convictions for DUI with serious bodily injury and reckless driving with serious bodily injury violate the principles of double jeopardy.  The defense's main contention appears to be that one cannot be punished twice for one injured person.  However, this argument relies solely on the serious bodily injury enhancement of the charges and not the underlying charges themselves.  Simply put, the question is whether the Defendant can be convicted of both DUI and reckless driving, and the answer to that question is yes.

While recognizing that principles of double jeopardy are of the utmost concern, the courts have long recognized the desire to punish for separate

---

there is no reason to otherwise believe that another name lies beneath the redacted version.

[2] The defense did not raise any other double jeopardy concerns at the trial court level. The State hints at a preservation issue, but "because dual convictions in violation of the prohibition against double jeopardy constitute fundamental error, 'a double jeopardy claim may be raised for the first time on appeal.'" *Rimondi v. State*, 89 So. 3d 1059, 1060 (Fla. 4th DCA 2012) (quoting *DeLuise v. State*, 72 So. 3d 248, 252 (Fla. 4th DCA 2011)).  Further, "[a] defendant who enters a general or open plea does not waive double jeopardy claims." *Demps v. State*, 965 So. 2d 1242, 1243 (Fla. 4th DCA 2007).

offenses that arise out of the same transaction or occurrence, in accord with constitutional demands. "In determining the constitutionality of multiple convictions and sentences for offenses arising from the same criminal transaction, the dispositive question is whether the legislature 'intended to authorize separate punishments for the two crimes.'" *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996) (quoting *Albernaz v. United States*, 450 U.S. 333, 344 (1981)). "[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). "Legislative intent to authorize separate punishments can be explicitly stated in a statute, or can be discerned through the *Blockburger* test of statutory construction." *M.P.*, 682 So. 2d at 81 (citation omitted).

> The Legislature has stated its intent to convict and sentence for each offense defined as separate under the *Blockburger* test, with three exceptions: offenses requiring identical elements of proof, offenses which are degrees of the same offense as provided by statute, and lesser offenses which have elements wholly subsumed by the greater offense. § 775.021(4)(b), Fla. Stat.

*Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006). Specifically, section 775.021, "Rules of construction," provides in relevant part:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
> > 1. Offenses which require identical elements of proof.
> > 2. Offenses which are degrees of the same offense as provided by statute.
> > 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2014) (codifying *Blockburger*).

3

The Defendant specifically challenges the dual convictions for reckless driving and DUI as impermissible under the second exception, arguing they are degrees of the same offense. The Florida Supreme Court has explained that this exception for degrees of the same offense "is intended to apply narrowly" and "prohibits separate punishments only when a criminal statute provides for variations in degree of the same offense, so that the defendant would be punished for violating two or more degrees of a single offense." *Valdes*, 3 So. 3d at 1076 (quoting *State v. Paul*, 934 So. 2d 1167, 1177 (Fla. 2006) (Cantero, J., concurring)).

Utilizing this framework, separate charges for DUI and reckless driving do not violate the principles of double jeopardy.[3] The cases relied upon by the defense to argue that degrees of the same offense may arise from different statutes are unpersuasive because they predate the *Valdes* case, which limits the degree variant exception to offenses arising from the same statute. *See Brown v. State*, 189 So. 3d 837, 840 (Fla. 4th DCA 2015). Section 775.021(4) expressly states an inherent desire to punish under separate statutory schemes unless otherwise so defined. Adding the serious bodily injury enhancement to both reckless driving and the DUI charge does not change the underlying elements of the offense, but merely adds an element to enhance the penalties of the underlying charges. Reckless driving and DUI do not require identical elements of proof, they are not degrees of the same offense, nor is either a lesser offense that is subsumed within the other. Therefore, separate convictions for DUI with serious bodily injury and reckless driving with serious bodily injury, where the injury is to the same person, falls firmly within approved boundaries of double jeopardy principles and is expressly allowed within the legislative scheme.

### 2. **Convictions for degrees of the same offense involving the same victim violate the principles of Double Jeopardy.**

The second issue brought to this Court is the relationship between degrees of the same offense under the same statute and how those enhancements, that is, degrees of the same offense, are applied when there is but one victim. It is well established that multiple convictions for DUI can arise out of the same

---

[3] Many of the defense cases involve DUI manslaughter and vehicular homicide. We are mindful of the fact that death is different; the "single homicide rule" may come into play. *McCullough v. State*, 230 So. 3d 586, 589 (Fla. 2d DCA 2017); *see also Houser v. State*, 474 So. 2d 1193, 1197 (Fla. 1985) ("Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes. . . . The principle has been applied in the case of dual charges of DWI manslaughter and manslaughter." (citations omitted)); *Oakley v. State*, 43 Fla. L. Weekly D295 (Fla. 4th DCA Feb. 7, 2018) ("The *Houser* rule—'only one homicide conviction and sentence may be imposed for a single death'—instructs that Appellant's dual homicide charges ['of one count of first degree felony murder and one count of vehicular manslaughter'] for a single victim was in error.").

transaction or occurrence if there are injuries or damages to multiple persons. *Melbourne v. State*, 679 So. 2d 759, 765 (Fla. 1996). In reading *Melbourne* in conjunction with *Valdes*, we hold that there can be but one conviction for each victim, regardless of whether that victim sustains property damage, serious bodily injury, or both. The *Valdes* case provides the framework for the analysis. As discussed above, the addition of the enhancement of "serious bodily injury" does not change the elements of the underlying offense. The charge itself puts the defendant on notice of the crime charged. The enhancement gives definition to the degree of the offense the defendant is facing for the charge. While *Valdes* allows for prosecution for separate offenses that involve the same victim, it also prohibits separate offenses for varying degrees of the same charge.

In the prosecution for multiple DUIs that arise out of a single transaction, in order to succeed the State must first establish the defendant is guilty of DUI and then establish a causal connection between the defendant's driving and the damage so caused by that driving:

> (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
>> (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance 14 controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
>> (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
>> (c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
>
> . . . .
>
> (3) Any person:
>> (a) Who is in violation of subsection (1);
>> (b) Who operates a vehicle; and
>> (c) Who, by reason of such operation, causes or contributes to causing:
>>> 1. Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
>>> 2. Serious bodily injury to another, as defined in s. 316.1933, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 316.193, Fla. Stat. (2014).

Similar language is found in the reckless driving statute:

(1)(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

. . . .

(3) Any person:
>  (a)    Who is in violation of subsection (1);
>  (b)    Who operates a vehicle; and
>  (c)    Who, by reason of such operation, causes:
>  1.    Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
>  2.    Serious bodily injury to another commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The term "serious bodily injury" means an injury to another person, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

§ 316.192, Fla. Stat. (2014).

In looking at the statutory construction in line with section 775.021(4), to allow convictions for both the serious bodily injury and the property damage of the victim would run afoul of double jeopardy principles. The victim is the "another" for the purposes of statutory construction. She is the entity so damaged or injured, either to her person or to her property. The separation of the enhancements for serious bodily injury from personal injury or property damage delineates the degree of the offense for which the defendant can be convicted, for the causational damage inflicted upon one victim for the offense of DUI. Thus, since the offenses of DUI with serious bodily injury and DUI with property damage **as they relate to one victim** are degrees of the same offense as provided by statute, the convictions for both cannot stand. The same logic applies to the statutory construction of reckless driving.

It is for the foregoing reasons that we affirm the convictions for DUI with serious bodily injury and reckless driving with serious bodily injury as not violative of due process principles. Because the misdemeanor DUI with property damage and reckless driving with property damage convictions are degrees of

6

the same offenses as the felony charges, we remand for the trial court to vacate those two misdemeanor convictions.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**