# Supreme Court of Florida

————————

No. SC18-1108

————————

**STATE OF FLORIDA,**
Petitioner,

vs.

**ELIZABETH FRANCIS MARSH a/k/a ELIZABETH FRANCES MARSH,**
Respondent.

December 10, 2020

POLSTON, J.

The State seeks review of the decision of the Second District Court of

Appeal in *Marsh v. State*, 253 So. 3d 674, 675 (Fla. 2d DCA 2018), on the ground

that it expressly and directly conflicts with the Fifth District's decision in *Lott v.*

*State*, 74 So. 3d 556, 559-61 (Fla. 5th DCA 2011), and the Fourth District's

decision in *Anguille v. State*, 243 So. 3d 410, 414-15 (Fla. 4th DCA 2018).[1]

Because the same-elements test in section 775.021, Florida Statutes (2014),

controls whether dual convictions violate the prohibition against double jeopardy,

we hold that dual convictions for driving under the influence causing serious

———————————————

1. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

bodily injury and driving with license suspended causing serious bodily injury are not prohibited. Accordingly, we quash the Second District's decision in *Marsh* and approve the Fifth and Fourth District's opinions in *Lott* and *Anguille* to the extent they are consistent with this opinion.

## I. BACKGROUND

The Second District Court of Appeal set forth the following pertinent facts:

> Elizabeth Marsh rear-ended another vehicle while under the influence of illegal substances causing serious bodily injury to two of its passengers. As to each passenger she was convicted of driving under the influence (DUI) with serious bodily injury and driving while license suspended (DWLS) with serious bodily injury. . . .
>
> Marsh entered an open, no contest plea to the above third-degree felony charges and to the second-degree misdemeanor charge of failure to carry adequate liability insurance. The trial court imposed consecutive five-year sentences for each felony count and sentenced Marsh to time-served for the misdemeanor count.

*Marsh*, 253 So. 3d at 675.

On appeal, Marsh argued that dual convictions for DUI with serious bodily injury and DWLS with serious bodily injury as to the same victim were prohibited by double jeopardy principles. Relying on its decision in *Kelly v. State*, 987 So. 2d 1237, 1238 (Fla. 2d DCA 2008), the Second District held that Marsh's convictions violated the single homicide rule, which prohibited multiple convictions arising from a single killing. *Marsh*, 253 So. 3d at 676-77. The Second District concluded that this Court's precedents made clear that the single homicide rule "applies even in circumstances where the double jeopardy analysis set forth in

- 2 -

*Blockburger v. United States*, 284 U.S. 299, 304 (1932), may not grant relief."

*Marsh*, 253 So. 3d at 676-77. Specifically, the Second District noted that this

Court's decision in *State v. Cooper*, 634 So. 2d 1074 (Fla. 1994), which held that a

defendant could not be convicted of both DUI manslaughter and DWLS enhanced

for causing death under the single homicide rule, was indistinguishable from the

present case and concluded that Marsh's dual convictions were similarly

prohibited. *Marsh*, 253 So. 3d at 677-78.

## II. ANALYSIS

In *State v. Maisonet-Maldonado*, No. SC19-1947, slip op. at 12 (Fla. Dec.

10, 2020), we recognized that the single homicide rule was incompatible with the

plain language of section 775.021(4), Florida Statutes, and receded from our

precedent holding otherwise. Accordingly, the appropriate analysis for whether

dual convictions for DUI with serious bodily injury and DWLS with serious bodily

injury are prohibited under the constitutional protection against double jeopardy is

the *Blockburger* same-elements test as codified in section 775.021(4), Florida

Statutes. *See Maisonet-Maldonado*, slip op. at 12. "This test 'inquires whether

each offense contains an element not contained in the other; if not, they are the

same offense,' and double jeopardy principles prohibit separate convictions and

punishments based upon the same conduct." *State v. Shelley*, 176 So. 3d 914, 918

(Fla. 2015) (quoting *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996)).  Specifically, the

statute provides:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:
>
> 1. Offenses which require identical elements of proof.
>
> 2. Offenses which are degrees of the same offense as provided by statute.
>
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2014).  "The Statute expresses the legislative intent that

defendants be charged with every offense that arises out of one criminal episode

*unless* an exception applies."  *Gil v. State*, 118 So. 3d 787, 792 (Fla. 2013).

Marsh's convictions for DUI causing serious bodily injury and DWLS

causing serious bodily injury or death clearly pass the same-elements test.  The

DUI statute makes it a third-degree felony for a person to operate a vehicle while

under the influence of specific substances and by such operation cause serious

bodily harm to any person[2] while the DWLS statute makes it a third-degree felony for a person to operate a motor vehicle when her driving license is suspended and negligently cause the death or serious bodily harm of another person.[3]  DUI

---

2.  The DUI statute provides:

> (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
> (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
> (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
> (c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
> . . . .
> (3) Any person:
> (a) Who is in violation of subsection (1);
> (b) Who operates a vehicle; and
> (c) Who, by reason of such operation, causes or contributes to causing:
> . . . .
> 2. Serious bodily injury to another, as defined in s. 316.1933 commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 316.193, Fla. Stat. (2014).

3.  Section 322.34(6), Florida Statutes (2014), provides:

> (6) Any person who operates a motor vehicle:
> (a) Without having a driver license as required under s. 322.03; or
> (b) While his or her driver license or driving privilege is canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8),

- 5 -

causing serious injury contains the element of intoxication, and DWLS causing serious bodily harm contains the element of a suspended driving privilege. Because "each offense requires proof of an element that the other does not," the offenses are separate, and there is no violation of the constitutional right to be free from double jeopardy, unless an exception applies. § 775.021(4), Fla. Stat.; *see also Gaber v. State*, 684 So. 2d 189, 190-91 (Fla. 1996).

The two offenses likewise do not fall under any of the exceptions in subsection (4)(b). As to the first exception, one conviction requires proof of intoxication and the other requires proof of a suspended license, so they do not require identical elements of proof. As to the second exception, we have explained that this exception only applies when a criminal statute itself provides for an offense with multiple degrees, which may be evidenced by the location within Florida Statutes and whether the offenses are aggravated forms of one another or are explicitly designated as degree variants. *Valdes*, 3 So. 3d at 1075-77. Here, the two offenses are located in different statutes, and they are not clearly aggravated forms of one another. The DUI statute provides no aggravation for

---

s. 322.27(2), or s. 322.28(2) or (4), and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.

§ 322.34(6), Fla. Stat. (2014).

suspended licenses, and the DWLS statute provides no aggravation for any level of intoxication. *See* § 316.193(3)-(4), Fla. Stat.; § 322.34(2), (5)-(7), Fla. Stat. Both may be aggravated when the driver causes serious bodily injury, and in this case were, but each statute provides separately for that aggravation. *See* §§ 316.193(3), 322.34(6), Fla. Stat. (2014). As to the third exception, this Court has explained that "[i]f two statutory offenses are found to be separate under *Blockburger*, then the lesser offense is not subsumed by the greater offense." *Gaber*, 684 So. 2d at 192. Thus, the exceptions set forth in section 775.021(4)(b), Florida Statutes, do not apply to Marsh's convictions.

## III. CONCLUSION

We hold that dual convictions for DUI with serious injury and DWLS with serious injury are not prohibited under the *Blockburger* same-elements test or any statutory exceptions codified in section 775.021(4), Florida Statutes. Therefore, dual convictions for these offenses do not violate the constitutional prohibition against double jeopardy. Accordingly, we quash the decision of the Second District in *Marsh* and approve the Fourth and Fifth District's decisions in *Anguille* and *Lott* to the extent they are consistent with this opinion.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D16-3542

(Polk County)

Ashley Moody, Attorney General, Tallahassee, Florida, C. Suzanne Bechard, Chief Assistant Attorney General, and Peter Koclanes, Assistant Attorney General, Tampa, Florida,

for Petitioner

Lee Levenson, Boynton Beach, Florida,

for Respondent