# Supreme Court of Florida

_____

No. SC20-506
_____

**ROBERT VELAZCO,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 30, 2022

POLSTON, J.

Petitioner Robert Velazco argues that his convictions for driving under the influence causing damage to property and serious bodily injury to a person under section 316.193(3)(c), Florida Statutes (2014), are degree variants of the same criminal offense so that double jeopardy is violated. We agree.

Because the convictions are variants of the same offense under section 775.021(4)(b)2., Florida Statutes (2014), we hold that his dual convictions for both offenses as to the same victim arising from a single episode violate the prohibition against double

jeopardy.  Accordingly, we quash the underlying Third District Court of Appeal's decision in *Velazco v. State*, 305 So. 3d 72 (Fla. 3d DCA 2020), and approve the certified direct conflict decision of *Anguille v. State*, 243 So. 3d 410 (Fla. 4th DCA 2018), to the extent it is consistent with this decision.[1]

## I. BACKGROUND

In 2014, Velazco drove his pickup truck through a red light and collided with a scooter operated by Alexander Concepcion Rodas.  Rodas sustained serious bodily injuries, and his scooter was also damaged.  Velazco fled the scene, but police soon after made contact with Velazco at his residence where he exhibited signs of alcohol impairment.  Velazco's breath alcohol test results exceeded the legal limit, and his urine sample tested positive for cocaine.  Velazco was charged with leaving the scene of a crash involving serious bodily injury, driving under the influence (DUI) causing serious bodily injury, DUI causing damage to property or person, and failure to obey a traffic control device.  The DUI causing

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.  We decline to address the non-conflict evidence issue.

- 2 -

serious bodily injury count alleged that Velazco caused serious bodily injury to Rodas, and the DUI causing damage to property or person count alleged that Velazco caused damage to the property or person of another, i.e., "damage to the motorcycle and/or scooter and/or moped of" Rodas. Velazco proceeded to trial and was found guilty as charged and sentenced accordingly.

On appeal, Velazco challenged his dual convictions under two subsections of section 316.193, which provides in relevant part:

> (3) Any person:
>
> (a) Who is in violation of subsection (1);
>
> (b) Who operates a vehicle; and
>
> (c) Who, by reason of such operation, causes or contributes to causing:
>
> 1. Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
>
> 2. Serious bodily injury to another, as defined in s. 316.1933, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 316.193(3). Velazco was convicted of DUI causing damage to property or person in violation of section 316.193(3)(c)1. (a first-degree misdemeanor) and DUI causing serious bodily injury in

violation of section 316.193(3)(c)2. (a third-degree felony). Velazco argued that his dual convictions arising from a single episode violate double jeopardy.

The Third District affirmed, holding that Velazco's convictions did not violate double jeopardy. *Velazco*, 305 So. 3d at 82. The Third District concluded that the offenses of DUI causing damage to property or person and DUI causing serious bodily injury satisfied the same-elements test set forth in section 775.021(4)(a) and that none of the three exceptions to the same-elements test set forth in section 775.021(4)(b) applied. *Velazco*, 305 So. 3d at 78-81. As to the degree-variant exception in section 775.021(4)(b)2., the Third District concluded that "a faithful textualist approach to interpretation belies the proposition that the offenses 'are degrees of the same offense as provided by statute' " because "the legislature chose not to classify any DUI-related crimes by 'degree.' " *Velazco*, 305 So. 3d at 79 (quoting § 775.021(4)(b)2.). The Third District further "conclude[d] that, as the resultant injuries are entirely distinguishable and do not overlap, 'neither offense is an aggravated form of the other,' and the crimes do not constitute degree-variants." *Id.* at 81 (quoting *Valdes v. State*, 3 So. 3d 1067, 1077

- 4 -

(Fla. 2009)).  The Third District also certified direct conflict with the Fourth District Court of Appeal's decision in *Anguille*, which held that "where there is a single victim and the charges arise from a single episode, dual convictions for DUI with serious bodily injury and DUI with property damage . . . violate the prohibition against double jeopardy" because the offenses "are degrees of the same offense."  243 So. 3d at 411, 415.

Judge Emas dissented from the Third District's holding in *Velazco* "that principles of double jeopardy do not prohibit dual convictions and sentences for DUI property damage/bodily injury and DUI serious bodily injury arising from the commission of a single act."  *Velazco*, 305 So. 3d at 82 (Emas, C.J., concurring in part and dissenting in part).  Applying double jeopardy principles and this Court's precedent construing section 775.021(4)(b)2., Judge Emas "conclude[d] that these two offenses are degree-variant offenses and aggravated forms of the basic DUI offense."  *Id.* at 82-83.  The dissent reasoned that, "[a]lthough the language of the [DUI] statute may not include use of the term 'degree' to distinguish these offenses," the statute's "framework nonetheless evinces a 'degree relationship.'"  *Id.* at 87.  The dissent also explained that the DUI

statute provides graduated imprisonment sentences, increased fines, and other escalating penalties based on the existence and establishment of certain aggravating conduct. *Id.* at 87-88. Accordingly, Judge Emas concluded that DUI causing damage to property or person and DUI causing serious bodily injury "are degree-variant offenses and aggravated forms of the basic DUI offense"; therefore, the two offenses satisfy the degree-variant exception in section 775.021(4)(b)2., and "double jeopardy bars convictions and sentences for both offenses." *Id.* at 82, 89.

## II.  ANALYSIS

Velazco argues that his convictions and sentences for DUI causing damage to property or person and DUI causing serious bodily injury violate double jeopardy because the two offenses are degree variants of the same offense under section 775.021(4)(b)2.[2]

---

2.  Velazco does not argue and we do not address whether his convictions violate the *Blockburger v. United States*, 284 U.S. 299 (1932), same-elements test as codified in section 775.021(4)(a), Florida Statutes.

We agree and quash the Third District's decision below to the extent it is inconsistent with this decision.[3]

It is well-settled that multiple convictions arising from a single violation of the DUI statute do not violate double jeopardy where injury results to several persons. *See Melbourne v. State*, 679 So. 2d 759, 765 (Fla. 1996) ("The DUI driver may sustain multiple convictions because the violation causes injury to each victim."). However, Velazco's dual convictions arise out of a single act of driving under the influence, running into a single victim, and causing serious bodily injury to the victim and damage to the victim's scooter. Velazco argues that his convictions are impermissible under the second statutory exception to the same-elements test,[4] section 775.021(4)(b)2., which prohibits dual

---

3. "Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review." *Graham v. State*, 207 So. 3d 135, 137 (Fla. 2016).

4. Section 775.021(4) states in its entirety:

(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently

convictions for "[o]ffenses which are degrees of the same offense as provided by statute."

The Third District in *Velazco* concluded that the dual offenses are not degree variants or aggravated forms of each other because "the DUI statute omits any reference to 'degree,' and delineates varying penalties for separate, distinct, non-overlapping harms." 305 So. 3d at 80. However, we have explained that a statute need not use the word "degree" for the degree-variant exception to apply. *See Valdes*, 3 So. 3d at 1076 ("It is not necessary for the Legislature to use the word 'degree' in defining the crime in order for the degree variant exception to apply. There are other statutory designations

---

or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

that can evince a relationship of degree—for example, when a crime may have aggravated forms of the basic offense.").  And since *Valdes*, this Court's analysis of whether two offenses are degree variants of each other under section 775.021(4)(b)2. has not focused on whether the offenses cause "separate, distinct, non-overlapping harms."  *See Valdes*, 3 So. 3d at 1068-69, 1076-77 (abandoning the "primary evil" test that considered offenses to be degree variants of the same core offense where both crimes intended to punish the same primary evil).  Instead, we have considered factors such as whether the offenses are located in the same statute, share a common name, contain similar formal elements, and criminalize similar conduct.  *See, e.g.*, *State v. Maisonet-Maldonado*, 308 So. 3d 63, 71 (Fla. 2020) (concluding that the offenses of fleeing or eluding and vehicular manslaughter "are clearly not degree variants of each other because they do not share a common name, contain very different formal elements, and exist in completely different chapters of Florida Statutes"); *State v. Marsh*, 308 So. 3d 59, 62 (Fla. 2020) ("As to the second exception, we have explained that this exception only applies when a criminal statute itself provides for an offense with multiple degrees, which

may be evidenced by the location within Florida Statutes and whether the offenses are aggravated forms of one another or are explicitly designated as degree variants."); *Tambriz-Ramirez v. State*, 248 So. 3d 1087, 1096 (Fla. 2018) (concluding that the crimes of burglary, assault, and sexual battery are not degrees of the same offense because they "are different offenses, prohibited by different statutes, and they criminalize different conduct").

The dual offenses of DUI causing damage to property or person and DUI causing serious bodily injury are both located in the DUI statute. The statutory language and framework of the DUI statute evinces a degree relationship. *See Valdes*, 3 So. 3d at 1076 (stating that a crime that has aggravated forms of the basic offense "can evince a relationship of degree"); *see also Velazco*, 305 So. 3d at 88 (Emas, C.J., concurring in part and dissenting in part). Subsection (1) of section 316.193 sets forth the elements of the basic DUI offense:

> (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:

> (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s.

877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;

(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or

(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

§ 316.193(1), Fla. Stat. (2014). Subsections (2), (3), and (4) delineate varying penalties for certain aggravating conduct. For example, repeat violations of the DUI statute correspond with increased fines and increased terms of imprisonment. *See, e.g.*, § 316.193(2)(a) (providing for a $500-$1,000 fine and up to six months' imprisonment for a first conviction and a $1,000-$2,000 fine and up to nine months' imprisonment for a second conviction). Other provisions increase the amount of fines and terms of imprisonment based on certain factors present during the DUI episode. *See, e.g.*, § 316.193(4) (providing for increased fines and terms of imprisonment if the person, while driving under the influence, had a blood-alcohol level or breath-alcohol level of 0.15 or higher, or was accompanied by a minor); *see also Velazco*, 305 So. 3d at 87-88 (Emas, C.J., concurring in part and dissenting in part) (explaining that the DUI statute provides "graduated

imprisonment sentences (six months, nine months, one year, five years, fifteen years, thirty years), increased fines ($500-$1000, $1000-$2000, $2000-$4000, $4000 or more), and other escalating penalties (e.g., restriction, suspension or revocation of driving privileges) based upon the existence and establishment of certain aggravating conduct").

Relevant to this case, section 316.193(3) contains several provisions detailing certain aggravating conduct with corresponding increases in punishment as the harm caused by the DUI driver increases:

> (3) Any person:
>
> (a) Who is in violation of subsection (1);
>
> (b) Who operates a vehicle; and
>
> (c) Who, by reason of such operation, causes or contributes to causing:
>
> *1. Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.*
>
> *2. Serious bodily injury to another, as defined in s. 316.1933, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.*

3. The death of any human being or unborn child commits DUI manslaughter, and commits:

a. A felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

b. A felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if:

(I) At the time of the crash, the person knew, or should have known, that the crash occurred; and

(II) The person failed to give information and render aid as required by s. 316.062.

§ 316.193(3) (emphasis added).

Velazco was convicted of DUI causing damage to property or person in violation of section 316.193(3)(c)1.[5] and DUI causing serious bodily injury in violation of section 316.193(3)(c)2. Both offenses are found in the same subsection of the DUI statute, one

---

5. Section 316.193(3)(c)1. is an "alternative conduct" statute, meaning "a statute that proscribes conduct in the alternative." *Roughton v. State*, 185 So. 3d 1207, 1210 (Fla. 2016). The statute can be violated by causing property damage *or* bodily injury. *See* § 316.193(3)(c)1. "[W]hen considering a statute that proscribes conduct in the alternative (offenses that can be committed in more than one way), the [double jeopardy] analysis must consider the entire range of conduct prohibited by the statute[], not the specific conduct charged or proven at trial." *State v. Maisonet-Maldonado*, 308 So. 3d 63, 70-71 (Fla. 2020) (quoting *Tambriz-Ramirez v. State*, 248 So. 3d 1087, 1094 (Fla. 2018)).

after another.  *See* § 316.193(3)(c)1.-2.; *see also Gil v. State*, 118 So. 3d 787, 794 (Fla. 2013) (concluding that driving with a suspended license under section 322.34(2), Florida Statutes (2009), and unlawful driving as a habitual traffic offender under section 322.34(5) qualified as variant offenses and noting as one consideration the fact that the offenses were located in the same statute).  DUI causing serious bodily injury (a third-degree felony) is also a more serious offense than DUI causing damage to property or person (a first-degree misdemeanor).  *See Valdes*, 3 So. 3d at 1076 (explaining that an aggravated form of a basic offense can evince a relationship of degree, with "degree" meaning "a level based on the seriousness of an offense").  Further, the two offenses contain nearly identical elements.  Common to both offenses is the requirement that a person first commit the basic DUI offense set forth in subsection (1).  *See* § 316.193(3)(a).  DUI causing damage to property or person requires the defendant to operate a vehicle, while under the influence, and by reason of such operation, cause damage to the property or person of another.  *See* § 316.193(3)(c)1. DUI causing serious bodily injury requires the defendant to operate a vehicle, while under the influence, and by reason of such

operation, cause serious bodily injury to another. *See* § 316.193(3)(c)2. The lone difference between the two offenses, as Judge Emas explained below, is the final aggravating conduct—the seriousness of the resulting harm, which "when viewed in the context of section 316.193, most clearly establishes that the instant offenses meet the degree-variant exception and compels the conclusion that felony DUI serious bodily injury and DUI bodily injury/property damage are merely aggravated forms of the basic DUI offense." *Velazco*, 305 So. 3d at 87-88 (Emas, C.J., concurring in part and dissenting in part); *see also Anguille*, 243 So. 3d at 415 ("The separation of the enhancements for serious bodily injury from personal injury or property damage delineates the degree of the offense for which the defendant can be convicted, for the causational damage inflicted upon one victim for the offense of DUI.").

### III. CONCLUSION

Because the criminal offenses of DUI causing damage to property or person and DUI causing serious bodily injury are degree variants of the same offense under section 775.021(4)(b)2., we hold that dual convictions for both offenses as to the same victim arising

- 15 -

from a single episode violate the prohibition against double jeopardy. We quash the Third District's decision in *Velazco* as to the double jeopardy issue, approve the Fourth District's decision in *Anguille* to the extent it is consistent with this opinion, and remand for proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions

   Third District – Case No. 3D18-165

   (Miami-Dade County)

Michael Mirer, Miami, Florida,

   for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, Michael W. Mervine, Bureau Chief, and Kseniya Smychkouskaya, Assistant Attorney General, Miami, Florida,

   for Respondent